CAROL A. SUNBURY *v.* DONALD C. SUNBURY
(13438)

HEALEY, SHEA, CALLAHAN, COVELLO and HULL, Js.

[6] The respondent has not challenged the constitutionality of General Statutes § 17-43a (b) (2).

Argued December 8, 1988—decision released February 21, 1989

*Zbigniew S. Rozbicki,* with whom, on the brief, was *Albert Vasko,* for the appellant (plaintiff).

*Sherman M. Tonkonow,* for the appellee (defendant).

HULL, J. The plaintiff, Carol A. Sunbury, appealed to the Appellate Court challenging the financial orders of the trial court contained in the judgment of dissolution of her marriage to the defendant, Donald C. Sunbury. Upon determining that the trial court had erred in computing the defendant's net income, the Appellate Court set aside the trial court's order regarding periodic alimony, but left intact the remaining financial orders. *Sunbury* v. *Sunbury,* 13 Conn. App. 651, 662, 538 A.2d 1082 (1988). We granted certification of the plaintiff's appeal from the Appellate Court to consider the following issue: "Having found error in the trial court's calculation of the defendant's net income,

did the Appellate Court err in limiting the issue on remand to a reconsideration of periodic alimony?" We find error.

The factual and procedural background of the case is as follows. The parties were married on November 8, 1958. There were three children, the youngest of whom was eighteen at the time of the judgment of dissolution. The plaintiff was forty-eight years old. She had been employed as a registered nurse for much of her adult life, but had no retirement benefits, pension plan or health insurance. At the time of trial she worked at a convalescent home earning gross wages of $339 per week and a net income of $274 per week. She had minimal assets. The defendant was forty-nine years old, and had received a high school education. He had been employed for seventeen years at Sears, Roebuck and Company (Sears). He reported in his financial affidavit gross earnings of $718 per week reduced to $350 by taxes, life and medical insurance premiums, contributions to an IRA account and a profit sharing plan with Sears. The defendant also had a retirement plan with Sears with three years of service credited. He had a savings account of $30,000. The parties disputed the source of that money. They jointly owned a family dwelling which the plaintiff claimed was worth from $89,000 to $90,000 and the defendant claimed was worth $75,000. There was a mortgage of approximately $4400 on the property at the time of trial.

The trial court rendered judgment finding that the marriage had broken down irretrievably and that the plaintiff was more at fault for the breakdown than the defendant. The judgment included the following orders: (1) the defendant was to pay the plaintiff periodic alimony in the amount of $75 per week for a period of two years; (2) the defendant was to make a lump sum alimony payment of $35,000 to the plaintiff, due and payable two years from the date of the issuance of the

order or upon the sale of the marital residence, whichever came first; (3) the plaintiff was to transfer her interest in the marital residence to the defendant; and (4) the defendant was to pay the plaintiff $1000 for counsel fees.

The Appellate Court agreed with the plaintiff that the payments to the profit sharing plan and the IRA account should not have been excluded from the calculation of the defendant's net income, since they are optional to the employee and inure to his benefit. Thus, the Appellate Court found error in the trial court's finding that the defendant's net earnings were approximately $350 per week. It concluded that the IRA and profit sharing contributions should not have been deducted from the defendant's net income, thereby increasing his net income to approximately $500 per week, an increase of about 46 percent. The Appellate Court then set aside the judgment of the trial court with respect to its order of periodic alimony only, and remanded the case for further proceedings.

On this appeal the plaintiff claims that, in light of the readjustment of the defendant's net income, on remand, the trial court should be required to reconsider *all* of its financial orders, and that the Appellate Court erred in limiting the issue on remand to a reconsideration of periodic alimony only. We agree. On the facts of this case, where the Appellate Court ruled that the trial court should have found the defendant's net income to be 46 percent higher than it actually did, the trial court on remand could no more fashion just and equitable financial orders by reconsidering only the issue of periodic alimony, than it could reassemble a broken vase with only one piece.

The criteria for the assignment of property pursuant to General Statutes § 46b-81 (c)[1] and the ordering of

[1] General Statutes § 46b-81 (c) provides in pertinent part: "In fixing the nature and value of the property, if any, to be assigned, the court . . .

alimony pursuant to General Statutes § 46b-82[2] are virtually identical. "While an action for divorce or dissolution of marriage is a creature of statute, it is essentially equitable in its nature. *Stoner* v. *Stoner,* 163 Conn. 345, 356, 307 A.2d 146 [1972]." *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835 (1975). "The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute, i.e., where the sole asset of the parties is their residence to which both have contributed. Equity certainly does not contemplate such a result." Id., 585. It is clear in this case that the residence of the parties is their chief capital asset.

"While the trial court must consider the delineated statutory criteria, no single criterion is preferred over the others, and the court is accorded wide latitude in varying the weight placed upon each item under the peculiar circumstances of each case. *Valante* v. *Valante,* 180 Conn. 528, 531, 429 A.2d 964 (1980)." *Carpenter* v. *Carpenter,* 188 Conn. 736, 740–41, 453 A.2d 1151 (1982). To limit the remand in this case to the issue of periodic alimony would impede the trial court's ability

shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[2] General Statutes § 46b-82 provides in pertinent part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall . . . consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 . . . ."

to weigh the statutory criteria for financial orders to achieve an equitable result. The issues involving financial orders are entirely interwoven. "The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 424, 479 A.2d 826 (1984).

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.