## EILEEN MAYER DALY *v.* DANIEL DALY
### (7035)

STOUGHTON, NORCOTT and FOTI, Js.

Argued April 20—decision released July 11, 1989

*M. J. Daly III,* for the appellant (defendant).

*John M. Wabiszczewicz,* for the appellee (plaintiff).

NORCOTT, J. The parties to this appeal were divorced in August, 1969. As part of the modified judgment of divorce, the court awarded the defendant's interest in the income from several trust funds to the plaintiff, allocating one third as alimony and two thirds as support for the parties' one minor child.[1] The court also ordered that, upon the termination of the trusts and

---

[1] The court awarded no support for the parties' other daughter who had reached majority during the divorce proceedings.

the distribution of the principal at the death of Grace McLinden, the last holder of a life estate, the defendant's share of the principal be allocated one third to the plaintiff and one third each to the parties' two daughters. The defendant did not appeal that judgment.

On February 2, 1988, after McLinden's death, the plaintiff and her daughters filed a motion for execution of the terms of the judgment regarding the distribution of the trust principal. On March 16, 1988, the defendant filed a motion to strike the plaintiff's motion and a motion to open and correct the original judgment for lack of subject matter jurisdiction. The trial court granted the plaintiff's motion for execution and denied the defendant's motions.

In response to the defendant's motion for articulation of the basis for the denial of his motions, the trial court stated that the original court had subject matter jurisdiction when it rendered its judgment in 1969 in that it properly transferred to the plaintiff property already acquired by the defendant. The court determined that the defendant's rights to the funds were vested at the time of the transfer, and that the case therefore was not controlled by *Rubin* v. *Rubin,* 204 Conn. 224, 527 A.2d 1184 (1987).[2] Recognizing that the defendant's child support obligation ended when his daughters reached majority, the court also stated that the award of the principal of the trust could be viewed as an assignment of property and not as a child support order. On appeal, the defendant claims that the trial court erred in determining that the original court had subject matter jurisdiction over the principal of the trusts.

---

[2] In *Rubin* v. *Rubin,* 204 Conn. 224, 527 A.2d 1184 (1987), the Supreme Court held that a mere expectancy of a future acquisition of property was not transferable in a dissolution action as either alimony or as a property award.

" 'The court's judgment in an action for dissolution of a marriage is final and binding upon the parties, where no appeal is taken therefrom, unless and to the extent that statutes, the common law or rules of court permit the setting aside or modification of that judgment. Under Practice Book, 1978, § 326, a civil judgment may be opened or set aside . . . where a motion seeking to do so is filed within four months from the date of its rendition. Under § 326, the parties may waive the time requirements or otherwise submit themselves to the jurisdiction of the court. Absent waiver, consent or other submission to jurisdiction, however, a court is without jurisdiction to modify or correct a judgment, in other than clerical respects, after the expiration of the [period] provided in Practice Book, 1978, § 326.' *Bunche* v. *Bunche,* 180 Conn. 285, 287–88, 429 A.2d 874 (1980). After the expiration of the four month period provided by § 326 a judgment may not be vacated upon the sole ground that it is erroneous in matter of law, except by a court exercising appellate or revisory jurisdiction, unless such action is authorized by statute or unless the error is one going to the jurisdiction of the court rendering the judgment. *Kalinick* v. *Collins Co.,* 116 Conn. 1, 7–8, 163 A. 460 (1932). The court does have inherent authority, however, at any time to open and modify a judgment rendered without jurisdiction. *Broaca* v. *Broaca,* 181 Conn. 463, 467, 435 A.2d 1016 (1980)." *Misinonile* v. *Misinonile,* 190 Conn. 132, 134–35, 459 A.2d 518 (1983).

The defendant has framed his collateral attack on the 1969 judgment as a challenge to the subject matter jurisdiction of the court. "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." *Monroe* v. *Monroe,* 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 559,

468 A.2d 1230 (1983). The defendant does not suggest that the original trial court was not a proper forum for the divorce action. Rather, he claims that the court did not have subject matter jurisdiction because the divorce statutes did not allow the distribution of the trust principal.

This court is not convinced that we should "invariably characterize as an absence of . . . jurisdiction every failure of a trial court to observe every statutory limitation on its authority to act . . . ." *Broaca* v. *Broaca,* supra, 471, (*Peters, J.,* dissenting). "Moreover, to give an expansive interpretation to the concept of 'subject matter jurisdiction' would be to 'undermine significantly the doctrine of res judicata, and to eliminate the certainty and finality in the law and in litigation which the doctrine is designed to protect.' *Lacks* v. *Lacks,* 41 N.Y.2d 71, 77, 359 N.E.2d 384 [390 N.Y.S.2d 875 (1976)]." *Vogel* v. *Vogel,* 178 Conn. 358, 363, 422 A.2d 271 (1979).

Our Supreme Court has found a lack of subject matter jurisdiction in dissolution cases in which trial courts have ordered postmajority child support without a written agreement of the parties to such an arrangement. *Gallo* v. *Gallo,* 184 Conn. 36, 46, 440 A.2d 782 (1981); see *Arseniadis* v. *Arseniadis,* 2 Conn. App. 239, 243, 477 A.2d 152 (1984). The basis of these decisions is that because the language of the child support statute allows an award of support only to "minor children," a postmajority award exceeds the jurisdiction of the court as provided by statute. *Broaca* v. *Broaca,* supra, 466; *Kennedy* v. *Kennedy,* 177 Conn. 47, 49–50, 411 A.2d 25 (1979).

It is not clear that an award of a future inheritance as "part of the estate" of a spouse under General Statutes § 46b-81 or its predecessor, General Statutes (1958 Rev.) § 46-21, in effect at the time of the parties'

divorce, implicates the subject matter jurisdiction of the court[3] or that the transfer in this case, at least as to the plaintiff, was beyond the court's authority. Even if we assume, arguendo, however, that the original court exceeded its statutory authority and that it acted without subject matter jurisdiction, we conclude that consideration of the merits of the defendant's collateral action is not warranted under the circumstances of this case.

"Although we have held that a challenge to a court's subject matter jurisdiction 'can be raised at any time . . . and the lack thereof cannot be waived'; *LaBow* v. *LaBow,* 171 Conn. 433, 440, 370 A.2d 990 (1976) . . . *Monroe* v. *Monroe,* [supra 177]; we have also recognized that '[t]he modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments, particularly when the parties have had a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal.' *Monroe* v. *Monroe,* supra, 178; *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* [supra, 560]; *Vogel* v. *Vogel,* supra, 362–63; 1 Restatement (Second), Judgments § 12; James & Hazard, Civil Procedure (2d Ed. 1977) § 13.16." *Meinket* v. *Levinson,* 193 Conn. 110, 114, 474 A.2d 454 (1984); *Morris* v. *Irwin,* 4 Conn. App. 431, 433, 494 A.2d 626 (1985). " 'Litigation about whether subject matter jurisdiction exists should take into account whether the litigation is a collateral or direct attack on the judgment, whether the parties consented to the jurisdiction originally, the age of the original judgment, whether the parties had an opportunity originally to contest jurisdiction, the prevention of a miscarriage of justice, whether the subject matter is so far

[3] The court in *Rubin* v. *Rubin,* 204 Conn. 224, 231, 527 A.2d 1184 (1987), spoke in terms of exceeding statutory authority, using the word "jurisdiction" only once in agreeing with the holding of a Delaware court in *Beres* v. *Beres,* 52 Del. 133, 154 A.2d 384 (1959).

beyond the jurisdiction of the court as to constitute an abuse of authority, and the desirability of the finality of judgments. *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* [supra]; *Vogel* v. *Vogel,* supra; *Monroe* v. *Monroe,* [supra]; 1 Restatement (Second), Judgments § 12.' *Arseniadis* v. *Arseniadis,* [supra, 243–44].'' *Morris* v. *Irwin,* supra, 434.

In the present case, we are confronted with a collateral attack eighteen years after the original court rendered judgment. The defendant did not exercise his opportunity to appeal that judgment, and there are no facts before us to warrant a conclusion that there has been a miscarriage of justice. If, twenty years after the rendering of the questioned orders in this case, this court were to set aside the award of the principal of the trusts, we would be creating an unjust situation. As our Supreme Court has recently stated, '' '[w]hile an action for divorce or dissolution of marriage is a creature of statute, it is essentially equitable in its nature. *Stoner* v. *Stoner,* 163 Conn. 345, 356, 307 A.2d 146 [1972].' *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835 (1975). 'The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. . . .' Id., 585.'' *Sunbury* v. *Sunbury,* 210 Conn. 170, 174, 553 A.2d 612 (1989). "[I]ssues involving financial orders are entirely interwoven. 'The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other.' '' Id., 175, quoting *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 424, 479 A.2d 826 (1984); *Weinstein* v. *Weinstein,* 18 Conn. App. 622, 629, 561 A.2d 443 (1989). In *Sunbury* the court ordered that after this court found error in one part of a financial award, it was not proper to set aside only that portion of the award but was necessary to remand to the trial court for reconsideration of all of the financial orders.

In this case, the original trial court's award of the principal of the trusts was only one part of a financial award that included alimony, child support, medical insurance, beneficiary interests in life insurance policies and attorney's fees. It clearly is not possible or desirable to reallocate all the resources of the parties after twenty years of compliance with and reliance on the original orders of the court. " ' "The law aims to invest judicial transactions with the utmost permanency consistent with justice. . . . Public policy requires that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown. . . ." ' *Lampson Lumber Co.* v. *Hoer,* 139 Conn. 294, 297, 93 A.2d 143 (1952), quoting 1 Freeman, Judgments (5th Ed.) § 305, pp. 602–603." *Meinket* v. *Levinson,* supra, 113. Any injustice that might be done here would be in setting aside a portion of the original judgment.

Having examined the criteria for litigating the issue of subject matter jurisdiction, we conclude that the need for finality of judgments and the circumstances of this case require that we not consider the merits of the defendant's claim.

There is no error.

In this opinion the other judges concurred.