PAUL KINDERMAN *v.* KATHY KINDERMAN
(6927)

DALY, NORCOTT and FOTI, Js.

Argued June 21—decision released August 29, 1989

*Wesley W. Horton,* with whom was *Alexandra Davis,* for the appellant (plaintiff).

*Robert A. Epstein,* with whom, on the brief, was *Joseph T. O'Connor,* for the appellee (defendant).

DALY, J. The plaintiff appeals from the judgment rendered in this dissolution of marriage action.[1] He claims that the trial court erred in making various financial orders and in denying his motion for modification of periodic alimony. We find error.

The trial court found the following facts. The parties were married on October 12, 1963, and have two children, who had reached the age of majority by the time of the dissolution. The plaintiff was 49 years old and recently had been employed as the president of Asta Designs, Inc. As president, he earned a salary of approximately $90,000 yearly. The plaintiff currently owns a 51 percent interest in K & L Marketing, Inc., which company has contracts with two foreign corporations that earn $240,000 in gross annual income. The plaintiff also owns a 51 percent interest in a warehouse located at 1 Willard Road, Norwalk. The warehouse yields an annual income of approximately $88,000. He also has a one-half interest in the marital home located in Darien. The plaintiff claimed that his only source of income was $1935, the amount derived monthly from the warehouse rental.

The defendant, at the time of the dissolution, was 48 years old and had no particular skills or training. She earned approximately $900 monthly working as an office clerk. The court found that the total value of her assets, excluding her one-half interest in the marital home, amounted to less than $20,000.

The trial court found that the marital home was worth $600,000 and was subject to a mortgage in the amount of $32,000. It thus determined that each party's share was $284,000. The court valued the warehouse

---

[1] The plaintiff instituted this dissolution action and the defendant filed a cross complaint. The plaintiff later withdrew his complaint and judgment was rendered on the cross complaint. Nevertheless, Paul Kinderman was still referred to in the trial court as the plaintiff.

at $1,015,000 and found that there was an outstanding lease to K & L Marketing, Inc., that expires in 2006, and a sublease to Alcide that, at the time of trial, had a remaining term of one and one-half years. Moreover, the sublease was renewable for five years at the sublessee's option. The court found that the warehouse was also encumbered by a mortgage in the amount of $477,000 and thus had a net equity of $538,000.

The court made the following orders: (1) the defendant was awarded the marital home, subject to the mortgage, and most of the personalty contained therein; (2) the plaintiff was ordered to pay $1900 monthly alimony to the defendant, commencing March 15, 1988; (3) the plaintiff was allowed to retain his interests in K & L Marketing, Inc., and the warehouse; (4) the plaintiff was ordered to maintain his present life insurance policy for the defendant's benefit as long as he was required to pay alimony; and (5) the plaintiff was ordered to pay $5000 toward the defendant's counsel fees.

The judgment of dissolution was entered on March 3, 1988, and this appeal ensued. On July 5, 1988, the plaintiff filed a motion for modification of the periodic alimony, based upon the defendant's salary increase. The court denied the motion finding that the salary increase was not a substantial change of circumstances within the meaning of General Statutes § 46b-86 (a). From this judgment, the plaintiff filed an amended appeal.

The plaintiff claims that the court erred (1) in finding that he "recently" earned $90,000 annually, (2) in valuing the marital home at $600,000, (3) in valuing the warehouse at $1,015,000, (4) in failing to consider the defendant's interest in a trust fund, and (5) in finding that the defendant's salary increase was not a substantial change of circumstances for purposes of alimony modification.

It is by now elementary that the trial court has broad discretion in domestic relations cases. *Breen* v. *Breen,* 18 Conn. App. 166, 169, 557 A.2d 140 (1989). "Because of the opportunity for the trial court to observe the parties and the evidence, great weight is given to its judgment with respect to the financial awards. . . ." Id.

"Reluctance to reverse the trial court's exercise of discretion, however, should not mean that the door is entirely closed to successful appeals in dissolution cases." *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 421, 479 A.2d 826 (1984). Our review is limited to determining whether the trial court abused its discretion or whether it could have reasonably concluded as it did conclude. *Breen* v. *Breen,* supra.

The plaintiff claims that the trial court improperly valued the marital premises. In its memorandum of decision, the court stated the following: "[The] defendant in her affidavit claims the home at 10 Mayflower Road is worth $500,000. [The] plaintiff in his affidavit claims the value is $600,000 and his appraiser values it at $732,000. The court will accept the plaintiff's valuation . . . ."

Our review indicates that the plaintiff's financial affidavit, dated March 16, 1987, reflected the home's value as $600,000 but that his affidavit dated December 16, 1987, reflected a valuation of $732,000. This higher value was based upon his appraiser's opinion. The matter was tried over a period of four days in late January and early February, 1988. By accepting the valuation reflected in the plaintiff's earlier financial affidavit, the court erred in not basing the financial awards on the parties' current financial circumstances. See *Cuneo* v. *Cuneo,* 12 Conn. App. 702, 709, 533 A.2d 1226 (1987); see also Practice Book § 463. In this case, the plaintiff filed an updated affidavit less than one month

prior to trial. Accordingly, it was "reasonably possible" for the court to base its financial orders on the parties' current financial circumstances. See *Cuneo* v. *Cuneo,* supra.

Had the trial court accepted the plaintiff's appraiser's valuation of $732,000, each party's share in the marital home, after the amount secured by the mortgage was deducted, would have been $350,000, as opposed to $284,000. In *Cuneo* v. *Cuneo,* supra, 710, we concluded that a $40,000 to $60,000 difference in valuation was sizeable. We have no trouble concluding that the $132,000 difference in valuation in this case is sizeable.

As in *Cuneo,* we express no view regarding what valuation the court should find on remand. Id. What is certain, however, is that the court's financial orders must be based on the financial situation of the parties at the time of the new hearing.

" '[I]ssues involving financial orders are entirely interwoven. "The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." ' [*Sunbury* v. *Sunbury,* 210 Conn. 170, 175, 553 A.2d 612 (1989)], quoting *Ehrenkranz* v. *Ehrenkranz,* [supra], 424." *Daly* v. *Daly,* 19 Conn. App. 65, 70, 561 A.2d 951 (1989). We recently noted that, in *Sunbury,* our Supreme Court "ordered that after this court found error in one part of a financial award, it was not proper to set aside only that portion of the award but was necessary to remand to the trial court for reconsideration of all of the financial orders." *Daly* v. *Daly,* supra. In view of the fact that, on remand, the trial court must reconsider all of the financial orders, it is unnecessary, at this juncture, to consider the plaintiff's remaining claims of error.

There is error, the judgment of the trial court regarding financial orders is set aside and the case is remanded for a new hearing.

In this opinion the other judges concurred.