[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is an action seeking a dissolution of the marriage, custody of the minor children, alimony, support, assignment and division of property and attorney's fees. The court finds that the plaintiff Karen Cifaldi and the defendant Paul Cifaldi were married at Port Chester, New York on August 3, 1974, that the parties have resided in the State of Connecticut for at least one year prior to the commencement of this action, and that there are two minor children issue of the marriage, to wit: Sheri Cifaldi, born on December 6, 1975 and the minor child Marc Cifaldi, born April 27, 1979.
The court, in accordance with the agreement of the parties, grants custody of the minor children Sheri Cifaldi and Marc Cifaldi to the plaintiff Karen Cifaldi with rights of reasonable visitation for the defendant Paul Cifaldi. CT Page 1893
In making its financial awards in this case, the court has taken into consideration all the criteria set forth in General Statutes 46b-81 (c) (assignment of property) and General Statutes46b-82 (alimony). Although the state has adopted a no-fault law for the dissolution of marriages, the cause of the dissolution is a relevant factor in determining the assignment of property and the alimony to be awarded. Leo v. Leo, 197 Conn. 1, 5 (1985). The cause of this dissolution clearly lies on the shoulders of the defendant Paul Cifaldi. No purpose would be served to memorialize the specifics of the defendant's misconduct in this regard. It is clear, however, that no single criterion set forth in the aforesaid statutes is preferred over the other when assigning property and awarding alimony. Sunbury v. Sunbury, 210 Conn. 170,174 (1989).
The defendant, the owner of A. Cifaldi Printers, a successful printing shop, is not a credible person and has committed fraud before the court. The financial records of the printing business submitted to this court were substantially altered to raise the expenses in order to lower the net profit of the business. In addition, there was evidence that he consistently withdrew unreported cash sales from the business by using unnumbered and unrecorded invoices. Nevertheless, the purposes of this proceeding is not to punish the defendant for his transgressions. In making the award the court must not lose sight of the purpose of alimony which is to meet one's continuing duty to support and the purpose of property division which is to unscramble the ownership of the property, giving to each spouse, what is equitably his or hers. Paraphrasing, Rubin v. Rubin,204 Conn. 224, 228 (1987).
Among the matters the court takes into consideration are the following assets and incomes of the parties and how each contributed to these assets.
The defendant argues that the value of the printing business is $90,000.00. The court, however, finds that the defendant's actual net income from the business is over $90,000.00 per annum (after making adjustments in the approximate amounts of $15,000.00; for his weekly allowance withdrawals, $37,000.00 for personal withdrawals, $22,000.00 for reclassified expenses and $16,000.00 for fraudulently changed entries). This does not take into account the unreported and unrecorded cash sales which would increase the net income. It is clear that the value of the business is substantially greater than the $90,000.00.
Although the defendant worked diligently at the business, the plaintiff also contributed her labors to it by actually working in the print shop while she was the primary caretaker of CT Page 1894 the children and maintained the home. The plaintiff, now 44 years old, earns approximately $17,000.00 per year as a clerk.
The other major asset of the parties is the family home, 182 Clintonville Road, Northford, Conn., which has been appraised for $180,000.00 and has a mortgage of $35,000.00 leaving an equity of $145,000.00. The house is in need of repairs and painting which will cost approximately $7,000.00. The down payment in the amount of $10,000.00 on the first house owned by the parties came from the plaintiff's funds accumulated prior to the marriage. Those funds together with other monies contributed by their families and the proceeds from an S.B.A. loan was used to purchase the current home.
In awarding counsel fees, the court has taken into consideration that counsel for the plaintiff was required to expend a greater amount of time than would ordinarily be necessary because of the failure on the part of the defendant to fairly and accurately present his finances. The plaintiff should not bear the burden because of the defendant's fraudulent behavior.
Accordingly, the following financial orders are hereby entered:
1. The court does hereby convey to the plaintiff Karen, Cifaldi all the defendant Paul Cifaldi's right, title and interest. in the jointly-owned property known as 182 Clintonville Road, Northford, Connecticut pursuant to General Statute 46b-81 and the plaintiff shall assume responsibility for the mortgage, taxes, insurance and all other expenses with respect to said property and indemnify and hold the defendant harmless with respect thereto.
2. The court does hereby assign to the defendant Paul Cifaldi all the plaintiff Karen Cifaldi's right, title and interest in the partnership known as A. Cifaldi Printers, and he shall indemnify and hold the plaintiff harmless with respect to, any claims arising out of said business (including, but not limited to, any claim for federal or state taxes which may be due).
3. Each party shall retain ownership of their respective individual retirement accounts. The defendant's IRA's are worth approximately $19,000.00 and the plaintiff's are worth approximately $12,000.00.
4. The defendant shall pay to the plaintiff, by way of additional property settlement, the sum of $17,150.00 as follows: $7,150.00 within ninety days, $5,000.00 on December 6, 1993, and $5,000.00 on April 27, 1997. (Plaintiff will be responsible for paying $150.00 to Temple Radiology). CT Page 1895
5. Each party shall retain ownership of their respective life insurance policies. The defendant's policies have a cash value of approximately $5,000.00 and the plaintiff's approximately $2,400.00. The defendant shall maintain insurance on his life in an aggregate face value of not less than $50,000.00, naming the plaintiff as beneficiary thereof until the youngest child reaches the age of majority. The defendant shall provide proof of said insurance being in effect upon reasonable request from the plaintiff.
6. The defendant shall pay to the plaintiff for the support of each minor child the sum of $175.00 per week. In addition, the defendant will pay to the plaintiff the reasonable costs for medical and dental insurance and pay for any uninsured or unreimbursed medical and dental expenses for the minor children. If, for any reason, the plaintiff's medical and dental insurance is cancelled, she shall give the defendant prompt notice.
7. The defendant shall pay to the plaintiff as periodic alimony the sum of $100.00 per week for one year, at the end of which, it shall be reduced to $75.00 per week for the second year, and at the end of which it shall be reduced to $50.00 per week for the third year and thereafter the sum of $1.00 per annum.
8. The defendant shall pay towards the counsel fees and other expenses of the plaintiff $13,140.00 plus $1,764.35 costs.
9. The court finds an arrearage of $2,702.50 on pendente lite orders as of April 20, 1990 and orders the defendant to pay to the plaintiff the same forthwith.
The clerk of this court is ordered to mail a copy of this memorandum of decision to the Chief State's Attorney for the State of Connecticut.
Counsel for the plaintiff shall prepare a judgment file, submit the same to counsel for the defendant for his approval as, to form and then to the court for its approval.
Robert I. Berdon, Judge
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1906