ROBERT W. HILL, JR. *v.* CHERYL LYNN HILL
(9527)

NORCOTT, FOTI and LANDAU, Js.

Argued June 4—decision released August 13, 1991

*Susan M. Cormier,* with whom were *Wesley W. Horton* and, on the brief, *Lawrence Kendzior,* for the appellant (plaintiff).

*William F. Gallagher,* with whom, on the brief, were *Cynthia C. Bott, Phoebe B. Boyer* and *Helen S. Ciresi,* for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion to open and modify the judgment of dissolution. The opening and modification of the judgment affected all of the orders, but did not affect the decree of dissolution. The plaintiff contends that the trial court lacked jurisdiction to grant the defendant's motion, filed more than four months after judgment, because there was insufficient evidence of fraud.

The parties' nine and one-half year marriage was dissolved on January 6, 1989, following a hearing on the parties' separation agreement. The plaintiff was represented by counsel and the defendant appeared pro se. The court, after reviewing a property settlement agreement executed by the parties, incorporated it into the judgment. Among other things, the judgment provided that the defendant quitclaim her interest in the marital residence to the plaintiff in return for his agreeing to discharge her from liability regarding the house and various joint debts. As part of the order, the plaintiff was to share the net proceeds with the defendant, after all closing costs, taxes and repair expenses, if the house was sold for more than $220,000. No alimony was awarded. The parties were awarded joint custody of their three minor children, with the defendant as the primary caretaker. The plaintiff was granted visitation rights. The trial court ordered the plaintiff to pay child support in the amount of $232.56 per week for the three children and to maintain $50,000 of life insurance, as well as medical coverage, for their benefit. The parties were to share equally all uncovered or unreimbursed medical expenses.

In December, 1989, the defendant moved to open the judgment, alleging that the plaintiff had committed fraud. The court, after a hearing, filed a sixteen page memorandum that concluded that the defendant had demonstrated by clear and convincing evidence that the plaintiff had committed a fraud upon the defendant and upon the court. The court thereupon granted the motion to open, except as to the issuance of the decree of dissolution. It further declared the separation agreement null and void and ordered the parties through their respective counsel to expeditiously adjudicate issues of alimony, property division, custody, visitation and support. The current orders of custody, visitation and support were to remain in effect pending further order of the court.

Before reaching the merits of this appeal, we must first determine whether the plaintiff may appeal to the court at this stage of the proceedings.[1]

Appellate jurisdiction is limited to appeals from judgments that are final. *Solomon* v. *Keiser,* 212 Conn. 741, 745, 562 A.2d 524 (1989). An order opening a judgment is ordinarily not a final judgment for purposes of appeal except where the issue raised is the power of the court to open. Id., 746–48. The judgment rendered in an action for dissolution of a marriage is final and may not be opened or set aside unless a motion to do so is filed, pursuant to Practice Book § 326, within four months from the date of its rendition. *Daly* v. *Daly,* 19 Conn. App. 65, 67, 561 A.2d 951 (1989). After that period, absent waiver, consent or other submission to jurisdiction, a court lacks the power to modify or cor-

---

[1] The defendant originally raised this issue in a motion to dismiss filed October 2, 1990. We denied this motion. After a review of the case upon full briefing and oral argument, however, we have concluded that it is necessary to reconsider this question. Cf. *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 187 Conn. 509, 511 n.6, 446 A.2d 1082 (1982).

rect a judgment other than for clerical reasons. *Misinonile* v. *Misinonile,* 190 Conn. 132, 134, 459 A.2d 518 (1983). A judgment rendered may be opened after the four month limitation if it is shown that the judgment was obtained by fraud, in the absence of actual consent, or because of mutual mistake. See *Celanese Fiber* v. *Pic Yarns, Inc.,* 184 Conn. 461, 466, 440 A.2d 159 (1981); *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980); see also *Sparaco* v. *Tenney,* 175 Conn. 436, 437–38, 399 A.2d 1261 (1978).

The plaintiff maintains that the appeal is an attack on the trial court's power to act. Claiming that there was insufficient evidence of fraud, the plaintiff argues that the court lacked jurisdiction to open the judgment. Conversely, the defendant argues that the court in fact had jurisdiction to open because it found fraud. The defendant asserts that once that factual determination had been made any attack on the sufficiency of the evidence is one on the factual findings of the court. Such an attack is tested by the standard of whether those findings are clearly erroneous, which does not involve the court's jurisdiction to make such findings. We agree with the defendant's position.

A court does not lack jurisdiction if it has competence to entertain the action before it. *Monroe* v. *Monroe,* 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). If the court misapplied the law or erroneously made findings of fact in concluding that fraud had been perpetrated upon the defendant and upon the court, a party may, at the appropriate time, attack the manner in which the court exercised its jurisdiction in granting the motion to open. The court had the power to hear the motion and the power to open the judgment upon a finding of fraud. "If it applied any wrong rule of law to the situation, it was not acting without jurisdiction but in the erroneous exercise of its jurisdiction." *Artman*

v. *Artman,* 111 Conn. 124, 130, 149 A. 246 (1930). Furthermore, if the court made a determination of fraud based on insufficient evidence, and on that basis granted the motion to open, it again was not acting without jurisdiction but in the erroneous exercise of its jurisdiction.

We must therefore conclude that the granting of the motion to open is not a final judgment for purposes of appeal because the defendant's challenge is not truly an attack on that court's power to act. Accordingly, this court lacks jurisdiction to entertain the present appeal.

The appeal is dismissed.

In this opinion the other judges concurred.