MARY-ANNE MULHOLLAND *v.* JAMES C. MULHOLLAND
(10206)

O'CONNELL, FOTI and HEIMAN, Js.

Argued December 6, 1991—decision released February 11, 1992

*Bruce S. Beck,* for the appellant (defendant), with whom, on the brief, was *James C. Mulholland,* pro se.

*Eliot J. Nerenberg,* for the appellee (plaintiff).

FOTI, J. In this dissolution action, the defendant appeals challenging financial orders of the trial court. The defendant claims that the trial court improperly (1) entered the order of child support in order to balance the incomes of the parties, (2) adjusted the child support order to account for a shared custody order, (3) failed to consider the child support guidelines, (4) based the child support order on the defendant's gross rather than net income, (5) imposed a higher support obligation for the younger of the two minor children, (6) awarded alimony, and (7) based its financial orders on the plaintiff's financial affidavit. Because our decision regarding the first claim is dispositive, we do not address the defendant's remaining claims.

The parties were married on September 26, 1980. The two children born of the marriage were six and four years of age at the time of the dissolution. The plaintiff was thirty-seven and the defendant was thirty-eight at that time. Both were practicing attorneys. On January 16, 1991, the court dissolved the parties' marriage and, after an evidentiary hearing on all pertinent issues, the court issued and read a memorandum of decision on April 23, 1991. The court granted the parties joint legal custody of the children, and directed that primary residence be with the plaintiff. The court ordered the defendant to pay $360 per week as child support, designating $260 for the younger child and

$100 for the older child. The defendant was ordered to pay one half of any substantial expenses incurred by the plaintiff on behalf of the children. The plaintiff was awarded $1 per year as periodic alimony for five years or until her remarriage, modifiable upon her involuntary loss of employment or her medically certifiable inability to continue employment. The plaintiff was awarded the marital home and the defendant was to receive $13,000 for his half interest in the property, payable in sixty equal monthly installments beginning May 1, 1996. There were additional orders relating to the living arrangements for the children and their medical insurance coverage.

After hearing oral argument, the court denied the defendant's motion to reconsider the child support order on June 11, 1991. The defendant appeals from the child support and alimony awards, claiming that the court improperly entered the child support order for the purpose of balancing the incomes of the divorced parents. We agree.

"[T]he purpose of a child support order is to provide for the care and well-being of minor children, and not to equalize the available income of divorced parents . . . ." *Battersby* v. *Battersby,* 218 Conn. 467, 473, 590 A.2d 427 (1991). The decision in *Battersby* was released May 7, 1991, shortly after rendition of the judgment in the present case. The record is clear that because the court found a substantial diversity in the parties' incomes, it entered the support order with the intent of balancing them. The record is also clear that on the defendant's motion for reargument and reconsideration on June 11, 1991, the court recognized the holding in *Battersby* and again made it clear that the intent of the support order was to equalize the parties' incomes.

The record of the June 11, 1991 hearing discloses the following:

"The Defendant: And in your decision—the basis for the decision appears to be that you had a desire to equalize the standards of living at each house where the children were going to spend substantial periods of time. Subsequent to Your Honor's decision of April 23, the Supreme Court ruled in *Battersby* versus *Battersby* that—on an issue which is very similar to this—there was a lot of discussion in that case as to the application of the child support guidelines. The guidelines they were dealing with were the prior guidelines. They did have some footnotes as to the present guidelines, but for the purposes of my argument, the language I'm relying upon in *Battersby* is on the—page 473 of the opinion, Your Honor. Therein, toward the end, the Supreme Court says that, 'The purpose of child support is to provide for the care and well-being—'

"The Court: It says, 'The purpose of a child support order is to provide for the care and well-being of minor children, and not to equalize the available income of divorced parents. The trial court had the authority to reject the defendant's suggested extrapolation of the guidelines' percentage as inappropriate and inequitable in the circumstances before it.' And of course, you're talking about the opening phrasing, since 'the purpose of a child support order is to provide for the care and well-being of minor children, and not to equalize the available income of divorced parents.'

"The Defendant: That is correct.

"The Court: And I had taken the posture, in making the $360 a week award, that my purpose—and it was—was to—

"The Defendant: Equalize income.

"The Court: —equalize the available income of divorced parents.

"The Defendant: In fact, Your Honor, if you take the figures you arrived at on your decision, the net result is almost dollar for dollar. It puts us both at approximately $80,000 per year.

"The Court: And that was my intent."

The record further discloses:

"[Plaintiff's Attorney]: [T]he guidelines do not apply. And *Battersby,* in a footnote there, does reiterate the fact that above $1500 a week combined gross income, the guidelines don't apply.

"The Court: That's a given.

"[Plaintiff's Attorney]: Okay. That's the first thing, Your Honor. Since it doesn't apply, the question is, it's in the court's discretion, and what factors should the court take into account.

"The Court: How do we get around 'the purpose of a child support order is not to equalize the available income of divorced parents'—

"[Plaintiff's Attorney]: Your Honor, I understand.

"The Court: —when I have stated clearly that my purpose was to equalize income?"

The court concluded:

"The Court: All right. I'm going to—we've had enough argument on that issue. Let me say that it is quite clear that the Supreme Court, in its most recent *Battersby* decision, did say that the purpose of child support is not to equalize the available income of divorced parents, and I did, in discussion following the presentation of my memorandum of decision, acknowledge that this does, in fact, equalize income. It was not the

sole purpose of that choice. I still feel that equitably speaking, the decision was an appropriate one under the circumstances, and one that I feel comfortable with, even upon reconsideration."

While it is true that an action for dissolution of marriage is an inherently equitable proceeding; *Sunbury* v. *Sunbury,* 210 Conn. 170, 174, 553 A.2d 612 (1989); and that "[t]he power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage"; *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975); the court must exercise its equitable discretion appropriately. *Serrano* v. *Serrano,* 213 Conn. 1, 12, 566 A.2d 413 (1989).

"The issues involving financial orders are entirely interwoven. 'The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other.' *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 424, 479 A.2d 826 (1984)." *Sunbury* v. *Sunbury,* supra, 175. Having concluded that the trial court acted improperly with respect to one portion of its financial orders, we must remand the matter for a new trial with respect to all financial issues. *Trella* v. *Trella,* 24 Conn. App. 219, 223, 587 A.2d 162 (1991); *Watson* v. *Watson,* 20 Conn. App. 551, 557–58, 568 A.2d 1044 (1990). Because the trial court must reconsider all of the financial orders on remand, it is unnecessary to consider the defendant's remaining claims at this juncture. *Kinderman* v. *Kinderman,* 19 Conn. App. 534, 538, 562 A.2d 1151, cert. denied, 212 Conn. 817, 565 A.2d 538 (1989).

The judgment is reversed as to the financial orders and the case is remanded for a new hearing on all financial issues.

In this opinion the other judges concurred.