[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above captioned case is an appeal from the decision of the State Department of Social Services ("department") concerning the plaintiffs' eligibility for Medicaid benefits to defray the cost of nursing home care. The plaintiffs claim that the hearing officer failed to apply the standard provided by law in adjudicating the application.
Oral argument was scheduled for February 13, 1996, however plaintiffs' counsel sought a continuance. On that date, this court heard another case in which the same issue was raised as is raised by the present plaintiffs, that is, the use of an erroneous standard of analysis by the hearing officer. In that case, Burinskas v. State of Connecticut Department of SocialServices, Docket No. 94-0466135 (J.D. Hartford/New Britain at Hartford, Feb. 20, 1996), the hearing officer was the same as in the present case, and he used virtually identical analyses in both cases. The present plaintiffs, who are represented by the same counsel as the plaintiffs in Burinskas, have raised the same objections to that analysis as in the Burinskas case. In short, the issue in this case is the same as in Burinskas.
Soon after this court decided Burinskas, the Department of Social Services filed a "Motion for Judgment of Remand" suggesting that upon the entry of such an order, the department, through a hearing officer, would consider the matter and make findings of fact and conclusions of law "in light of" the decision in Burinskas. The plaintiffs filed an objection, which they subsequently amended, objecting to the department's motion on the ground that they are entitled to an award of counsel fees CT Page 2936 for securing a new hearing through the filing of this administrative appeal. The department has filed a document titled "Reply to Amended Objection to Motion for Judgment of Remand" taking the position that the case should be remanded for reconsideration but that counsel fees should not be awarded as part of that remand.
The department has cited no provision of the Uniform Administration Procedure Act, General Statutes § 4-166 etseq. that authorizes a court to remand an administrative appeal to an agency for rehearing without adjudicating its merits. Section 4-183 (h) and (j) provide for a "hearing on the merits of the appeal" and specify that the appeal "shall be conducted by the court without a jury and shall be confined to the record." Section 4-183 (k) provides that a court on sustaining an appeal "may render a judgment that modifies the agency decision, orders the particular agency action, or orders the agency to take such action as may be necessary to effect the particular action."
Nothing in the UAPA authorizes the court to order a remand without addressing the merits of the appeal where the parties are in disagreement as to the terms and conditions of the remand. This court recognizes that the parties to an administrative appeal may agree to terms that include withdrawal of an appeal in return for rehearing; however the parties in this case have not presented the court with an agreement.
While the department has suggested that this court should, without adjudicating the merits, enter an order limited to the terms the department favors, there is no need to trudge across such procedural quicksand. In the absence of any actual agreement to settle all of the claims at issue in this appeal, the court will adjudicate the merits, having given all counsel notice of this course of action.
History of the Proceedings
On June 10, 1994, after plaintiff Lewis Laschever ("applicant") became incapacitated and had to enter a nursing home, he applied for Medicaid benefits. The department investigated his assets and those of his wife, Norma Laschever ("spouse") and determined that their non-exempt assets totalled $191,275.09.
The department found that because a person is not eligible CT Page 2937 for Medicaid if he has nonexempt assets in excess of $1,600.00, Mr. Laschever was ineligible for benefits until he spent down his share of the joint assets. The department determined that the applicant's share of the assets under applicable eligibility guidelines was $118,615.00 as of April 8, 1994, and that the spouse's share was $72,660.00.
The plaintiffs sought a hearing on the ground that the amount of the assets allocated to the community spouse should be increased to reflect the presence of exceptional circumstances necessitating an allocation of living expenses to her above the standard applied. The plaintiffs claim that the hearing officer, both initially and upon reconsideration, failed to apply as written a provision of federal law, 42 U.S.C. § 1396r-5 (e)(2)(B) and a state regulation, Uniform Policy Manual § 1570.25(D)(3), that provides for increases in the community spouse protected amount ("CSPA") (the share of the liquid assets allocated for the needs of the non-applicant spouse) if necessitated by "exceptional circumstances resulting in significant financial duress."
After a hearing, the hearing officer affirmed the department's denial of the application for benefits but determined that the allocation to the community spouse should be increased to reflect her own medical expenses. The hearing officer adjusted the allocation by $1,000.00 and determined that the applicant's assets, after deduction of that amount and after deduction of $7,872.46 for a burial fund, was $109,742.63.
The community spouse sought reconsideration of the determination of the hearing officer on the ground that there were exceptional circumstances that resulted in significant financial duress necessitating an allocation of more assets to her to produce sufficient income to meet her needs. Specifically, Mrs. Laschever claimed that the exceptional circumstances were that her own physical condition was such that she could not perform such household tasks as snow shovelling, lawn care, or household repairs, and that the need to pay others to perform them caused her to be in significant financial duress.
The hearing officer, on reconsideration, adjusted the allocation by $1,820.00 to generate income to meet the expense of visiting Mr. Laschever in the nursing home. In this regard, the hearing officer found that "17. The Community Spouse's transportation expense for visits with her husband are CT Page 2938 exceptional circumstances resulting in significant financial duress." (Record, page 11).
With regard to the claim for further adjustments, the only finding by the hearing officer was as follows:
 18. The following expenses claimed by the Appellant are not exceptional circumstances: food, clothing, cleaning, alterations, household items hygiene products, senior citizen dues, beauty salon, newspaper, magazine subscription, safe deposit box, bingo, Producer's Guild, federal and state taxes, stamps, lawn care, leaf and snow removal, household upkeep and [sic].
(Record, page 11).
Standard of Review
A court reviewing a determination by the Department of Social Services must decide whether that administrative entity acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. General Statute § 4-183 (j); Connecticut Alcohol Drug Abuse Commission v. FOIC, 233 Conn. 28, 39 (1995);Ottochian v. Freedom of Information Commission, 221 Conn. 393,397 (1992). While conclusions of law reached by an administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts, courts must determine whether the agency "employed the proper legal standard in reaching its factual determination." Connecticut Alcohol Drug Abuse Commission v. FOIC, 233 Conn. 38, 39. Deference to an agency's interpretation of the meaning of a statute is not due if the agency's interpretation violates principles of statutory construction. Connecticut Alcohol Drug Abuse Commission v.FOIC, 233 Conn. 41- 42. In CADAC v. FOIC, the Supreme Court found that the administrative agency had failed to give effect to the actual words of the statute at issue. The case now before this court likewise presents the claim of lack of adherence to the words of the statute and regulation on which the contested determination is based.
Standard for Allocation of Assets
Medicaid is a federally sponsored program of medical benefits CT Page 2939 for poor people enacted by Congress in 1965 as Title XIX of the Social Security Act. In Connecticut, the Medicaid program is administered by the Department of Social Services pursuant to General Statutes § 17b-260. That department is required to follow federal requirements and standards with regard to eligibility. Clark v. Commissioner, 209 Conn. 390, 396-97 (1988).
 Stated another way, the federal statutes and regulations set a limit upon the authority of the commissioner [of social services] as well as furnishing a guide to his administration of the [Medicaid] program.
Clark v. Commissioner, 209 Conn. 390, quoting Morgan v. White,168 Conn. 336, 343- 44 (1975).
The method of calculating of a Medicaid applicant's assets is set forth in 42 U.S.C. § 1396r-5. That statute provides that all non-exempt resources held by either spouse shall be considered available to the institutionalized spouse, except for, inter alia, "community spouse monthly income allowance" consisting of a minimum monthly maintenance needs allowance ("MMNA") that "is equal to or exceeds" one hundred fifty percent of the official poverty line for a family unit of two members plus an excess shelter allowance consisting of the community spouse's expenses for rent or mortgage payments, including principal, interest, taxes and insurance to the extent that these. expenses exceed thirty percent of the monthly allowance, plus a standard utility allowance. 42 U.S.C. § 1396r-5
(d)(2), (3), (4).
The federal statute provides as follows, at 42 U.S.C. § 1396r-5
(e)(2)(B) with regard to revision of the minimum monthly maintenance needs allowance:
 If either such spouse establishes that the community spouse needs income, above the levels otherwise provided by the minimum monthly maintenance needs allowance, due to exceptional circumstances resulting in significant financial duress, there shall be substituted, for the minimum monthly maintenance needs allowed in subsection (d)(2)(A) of this section, an amount adequate to provide such additional income as is necessary.
Pursuant to General Statutes § 17b-10, the department enacted a Uniform Policy Manual to implement the federal law as CT Page 2940 to the Connecticut program. Section 1570.25D of that Manual provides as follows:
(D) Non-Administrative Duties of Fair Hearing Official
 3. The official increases the MMNA of the community spouse previously determined by the Department:
 a) If it is established by the community spouse that the community spouse needs a higher monthly income than permitted by the MMNA calculation; and
 b) If this need for a higher income is due to exceptional circumstances resulting in significant financial duress including, but not limited to, the financial burden of caring for a disabled child, sibling, or other immediate relative.
c) without limiting his or her consideration to:
 1) the shelter expenses indicated in policy (Cross Reference 5035.30); or
 2) the limitations placed on the MMNA (Cross Reference 5035.30).
At the fair hearing, Mrs. Laschever testified to the effect that the removal of lymph nodes from her left arm present her from performing tasks that require lifting and that by reason of this condition she must hire others to do tasks that require the use of both arms. (Record, Hearing transcript, pages 9-10). She claimed that her physical limitations constituted an exceptional circumstance resulting in significant financial duress that necessitated a higher monthly needs allowance.
The hearing officer made no finding as to whether Mrs. Laschever's physical condition constituted an exceptional circumstance. His only finding on the issue is set forth above. It reveals that he analyzed whether each expense was an "exceptional circumstance."
The plaintiffs claim that the hearing officer failed to adjudicate their claim on the basis of applicable law in that he proceeded upon an invalid and inaccurate approach to the "exceptional circumstances" provisions of state and federal law set forth above. Instead of determining whether exceptional CT Page 2941 circumstances existed and whether they resulted in "significant financial duress" that necessitated a higher monthly maintenance needs amount to be allocated to the community spouse, the hearing officer analyzed whether each expense listed by the community spouse constituted an "exceptional circumstance." The plaintiffs characterize the process followed by the hearing officer as the changing of an "exceptional circumstances" test to an "exceptional expenses" test. They argue that the hearing officer applied a standard different from the one required by federal law and by state regulations. The correctness of their position is borne out by the text of the hearing officer's decision. After framing the issue within the terms of the statute and regulation cited above, the hearing officer made no finding as to whether Mrs. Laschever's physical limitations constituted an "exceptional circumstance resulting in, significant financial distress" or whether that condition made necessary a higher amount of monthly income. Instead, he issued findings as to whether each claimed expense was an "exceptional circumstance", as set forth above.
After correctly citing the applicable provisions at page 6 of his ruling, the hearing officer provided a paraphrase that radically departed from the meaning of those provisions:
 Thus, for an expense to be included as part of the income needs of the Community Spouse, the expense must pass a two-part test:
 a) the expense must be an exceptional circumstance; and
 b) the expense must create significant financial duress.
The hearing officer then explained the "[e]xpenses that are expected and are incurred in the normal course of everyday living are not exceptional circumstances. Thus, food, clothing, lawn mowing, snow removal are not exceptional circumstances. These expenses are expected everyday expenses of living and of home ownership, and therefore are not exceptional, extraordinary, uncommon or sudden in nature." (Record, p. 14.)
The hearing officer unmistakably took his task to be determining whether an expense was exceptional or usual, not whether the community spouse had established that she had a need for a higher monthly maintenance needs amount due to exceptional CT Page 2942 circumstances resulting in significant financial duress.
The words of both the federal statute and the state regulation plainly require the hearing officer to determine the issue as one of exceptional circumstances necessitating higher monthly income. The words of those provisions do not authorize a hearing officer instead to determine whether each expense reported by a community spouse is an exceptional or an ordinary one, and that is what the hearing officer has done.
The example of "exceptional circumstances" included in the regulation plainly indicated that the hearing officer should consider the spouse's situation, not the nature of each living expense. UPM § 1570.25(D) indicates that "the financial burden of caring for a disabled child, sibling or other immediate relative" would be an example of "exceptional circumstances resulting in significant financial duress." The exceptional circumstance identified in that example is the situation of providing care for another relative. The financial duress is the potential additional costs engendered by that situation. If the hearing officer who reviewed the plaintiffs' application had applied his "exceptional expenses" test to the example, he would probably have found that the cost of hiring a house cleaner because the community spouse was occupied in nursing the relative was simply an ordinary cost, since houses customarily need to be cleaned.
The regulation notes that the examples of caring for disabled relatives is not the only circumstance to be considered exceptional, since the example is prefaced by the words "including but not limited to."
At oral argument, the department took the position that any failure by the hearing officer to apply the actual legal standard was harmless error because even if the condition claimed by Mrs. Laschever were an "exceptional circumstance", the hearing officer found that it did not "result in significant financial duress" within the meaning of the applicable statute and regulation. The hearing officer's decision cannot be fairly read as stating any such conclusion. His only statement on the issue of financial duress was as follows: "[t]he fact that an expense or expenses may be causing financial duress does not qualify them as exceptional." (Record, p. 14). That statement appears to acknowledge the existence of financial duress, contrary to the department's claim of a finding of no duress. CT Page 2943
The decision of the hearing officer is the decision of the department. An administrative authority must act strictly within the bounds of the statutes and regulations which limit its authority to act. Lundy Electronics Systems, Inc. v. TaxCommissioner, 189 Conn. 690, 694 (1983); Page v. WelfareCommissioner, 170 Conn. 258, 262 (1976). The rules of statutory construction apply to administrative regulations as well as to statutes. Preston v. Department of Environmental Protection,218 Conn. 821, 829 n. 9 (1991); Dugas v. Lumbermens Mutual CasualtyCo., 217 Conn. 631, 641 (1991).
By adjudicating the plaintiffs' claims on the basis of a standard different from the standard plainly stated in the governing federal statute and state regulations, the department acted in violation of statutory provision, in excess of the statutory authority of the agency, and upon unlawful procedure. Pursuant to General Statutes § 4-183 (j)(1), (2), and (3), the determination by the department must be set aside. The case is remanded to the department for adjudication according to the standards required by 42 U.S.C. § 1396r-5 and UPM § 1570.25(D).
Claim for Award of Fees and Expenses
The plaintiffs seek an award of counsel fees and costs incurred in connection with their appeal from an adjudication in which the hearing officer failed to apply applicable law and standards as written.
General Statutes § 4-184a(b) provides that in any appeal by an aggrieved person of an agency decision taken in accordance with § 4-183, the court may, in its discretion, award to the prevailing party reasonable fees and expenses in addition to other costs "if the court determines that the action of the agency was undertaken without any substantial justification."
This court has found that the words of the statute and regulations provided a clear standard and approach for the hearing officer to apply and that he simply failed to give effect to the words of those provisions and instead applied an approach and a standard not expressed in the words of the statute or the regulation.
The department urges that counsel fees should not be awarded CT Page 2944 in every case in which an administrative decision is remanded. This is obviously so, since the standard stated in § 4-184a(b) is a determination that the action of the agency was taken "without any substantial justification," rather than merely that the plaintiff was a prevailing party.
The department has cited Superior Court rulings in which the court found that there was some justification for the decision at issue, even though that decision was found to be erroneous.
In Nelson v. Commissioner of the Department of IncomeMaintenance, Docket No. 305598 (J.D. New Haven, April 19, 1991), 1991 Ct. Case Base 3577, the court found that because the respondent had acted on the basis of a duly enacted regulation, a finding of no substantial justification was unwarranted. InLabenski v. Commissioner of Motor Vehicles, 13 Conn. L. Rptr. 17, 523 (1995), the court found that the record contained some evidence that supported the administrative ruling that had been overturned by the Appellate Court and that the hearing officer's determination therefore did not lack justification, even though the Appellate Court had found other evidence to be weightier.
In the case before this court, the department has not articulated what justification there was for a hearing officer to fail to apply the clear words of a regulation and instead apply a standard not stated in any source of law governing the hearing he conducted. The department states that the medicaid statute is complex and that its provisions "can not be implemented without multiple consideration and difficult calculations." That statement does not justify a hearing officer in citing the standard that applies and then reformulating it in a manner not stated in any applicable law. The hearing officer did not face a conflict between regulations or an ambiguous provision. He simply invented an "exceptional expenses" test when the words of the applicable regulations clearly required him to determine the presence of "exceptional circumstances."
The department took the position at oral argument that the substantial justification for the hearing officer's failure to apply the actual legal standard was the complexity of the Medicaid regulations as a whole. The department urged the courts to hold the hearing officer to a lower standard because he is a layman. While non-judicial adjudicators are not subject to the canons of judicial ethics, see Rado v. Board of Education,216 Conn. 541 (1990); Transportation General, Inc. v. InsuranceCT Page 2945Department, 26 Conn. App. 587 (1995), the department has cited no authority to the effect that the leeway to be granted non-judicial decision makers goes so far as excusing a failure to adjudicate an appeal in accordance with the applicable regulation. The Connecticut Supreme Court has, in fact, required remand where a hearing officer failed to apply the correct legal standard in an administrative appeal. Connecticut Alcohol Drug Abuse Commissionv. FOIC, 233 Conn. 28 (1995); Adriani v. CHRO, 220 Conn. 307 (1991).
The department also claimed at oral argument that any failure by the hearing officer to apply the legal standard as written was harmless error because Mrs. Laschever would not be eligible for a reallocation of assets even if the correct standard had been used.
Harmless error analysis is available in the administrative context. Levy v. Commissioner on Human Rights and Opportunities,236 Conn. 96, 110 (1996):
 The Uniform Administrative Procedure Act provides that if an individual's substantial rights have been prejudiced, the case should be remanded unless but one conclusion is required by law. General Statutes § 4-183 (j) and (k); see also Adriani v. Commissioner on Human Rights and Opportunities, 220 Conn. 307, 329 n. 21 [other citations omitted].
To conclude that only one conclusion is supported by the evidence as a matter of law, the reviewing court "must be able to state with legal certainty that the hearing officer, if she had applied the correct analyses, would have determined [the same outcome]." Levy v. CHRO, 236 Conn. 111. This court cannot conclude that the plaintiffs' claim would be rejected if the correct standard were applied. The hearing officer found Mrs. Laschever's need to visit her husband in a nursing home to be a reason to reallocate assets. Her physical limitations are at least as exceptional as the need to visit her spouse, and this court cannot find that the law requires a conclusion that Mrs. Laschever's inability to do household tasks that require lifting are not to be recognized as an exceptional circumstance since, like visiting her husband, the accomplishment of these tasks involves extra expense.
This court finds that the administrative decision appealed from was without any substantial justification and that the plaintiffs are therefore entitled to receive the amount of CT Page 2946 attorney's fees necessary to secure a new hearing at which the proper standard is to be applied.
As to the amount of court fees to be awarded, the plaintiffs have presented this court with a very scanty record. When counsel for the department objected to the admission into evidence of affidavits attached to pleadings filed with the court, counsel took the standard and testified only that his firm had amassed billable hours in the amount of $8,000.00 at an agreed billing rate of $175.00 for non-court time and $200.00 for court time.
Connecticut courts advert to the factors set forth in Johnsonv. Georgia Highway Express. Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) in determining reasonable fees where a fee-shifting statute authorizes such fees. See, e.g., Steiger v. J.S. Builders. Inc.,39 Conn. App. 32, 35 (1995).
Scrutiny of the docket sheet reveals that much of the time claimed was devoted to activities that were not necessary to achieving the result of remand. The court finds that the remaining activities reasonably required fifteen hours of work by counsel. Applying the billing rate of $175.00, the court finds that the plaintiffs reasonably expended $2,625.00 in order to achieve a remand at which the correct legal standard shall be used to adjudicate their claim. The plaintiff presented no evidence as to court costs after the court sustained on grounds of hearsay on objection to an affidavit purporting to list them.
Conclusion
The plaintiffs' application is remanded to the department for a hearing to be adjudicated according to the actual provisions of state and federal law. The plaintiffs shall recover $2,625.00 from the department pursuant to § 4-184a(b).
Beverly J. Hodgson Judge of the Superior Court