THOMAS G. AHNEMAN *v.* SUSAN A. AHNEMAN
(AC 16093)

O'Connell, C. J., and Schaller and Spear, Js.

Submitted on briefs November 13, 1997—officially released March 31, 1998

*Brenden P. Leydon* filed a brief for the appellant (defendant).

*Catherine P. Whelan* filed a brief for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. On June 21, 1996, the defendant appealed to this court from the trial court's judgment modifying awards of alimony and child support. On September 30, 1996, the defendant amended her appeal to include the trial court's award of counsel fees. While the amended appeal was pending, the defendant filed motions in the trial court concerning numerous other financial matters. The trial court declined to rule on those motions on the ground that the case was on appeal.

On October 21, 1996, the defendant amended her appeal a second time so as to include a claim challenging the trial court's refusal to consider these later motions. This court dismissed the second amended appeal on the ground that there was no final judgment. The Supreme Court granted certification on our dismissal and, on January 20, 1998, reversed our decision and remanded the second amended appeal, through us, to the trial court "for prompt resolution of the defendant's motions regarding financial issues." *Ahneman* v. *Ahneman*, 243 Conn. 471, 485, 706 A.2d 960 (1998).

The result of these actions is that the trial court now has before it the defendant's motions regarding financial issues, while we still have before us the financial issues comprising the first amended appeal. This bifurcation of financial issues violates the spirit and the letter of *Sunbury* v. *Sunbury*, 210 Conn. 170, 174–75, 553 A.2d 612 (1989). "The issues involving financial orders are entirely interwoven. 'The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other.' *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 424, 479 A.2d 826 (1984)." *Sunbury* v. *Sunbury*, supra, 175.

It is not reasonable to expect the trial court to craft this mosaic carefully if it does not have all of the relevant pieces with which to work. Accordingly, we decline to decide the financial matters before us and remand them to the Superior Court so that it may properly perform the duties imposed on it by the Supreme Court.

The case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.