WILLIAM H. BATTERSBY III *v.* GAYLE E. BATTERSBY
(14082)

PETERS, C. J., SHEA, CALLAHAN, GLASS and SANTANIELLO, Js.

Argued January 8—decision released May 7, 1991

*Bruce S. Beck,* with whom, on the brief, was *Richard A. Stamm,* legal intern, for the appellant (defendant).

*J. Patrick Dwyer,* with whom was *Timothy J. Fitzgerald,* for the appellee (plaintiff).

SANTANIELLO, J. This is an appeal by the defendant from a postdissolution order of the trial court modifying the amount of child support paid by the plaintiff. We affirm.

The pertinent facts are essentially undisputed. The marriage of the parties was dissolved on December 9, 1985. There are two minor children of the marriage, whose ages are nine and eleven. Pursuant to the 1985 judgment, the trial court ordered the plaintiff to pay to the defendant the sum of $400 per week as unallocated child support and alimony. On March 28, 1990, the plaintiff moved for a modification of the 1985 judgment, seeking a reduction in the amount of the payments and an allocation of the payments between alimony and child support.

At a hearing held on June 13, 1990, the parties stipulated that the defendant was cohabitating with an unrelated male and that alimony should be terminated. The sworn financial affidavits of the parties were the only evidence presented to the court.

On the basis of the affidavits, the court found that the plaintiff's weekly disposable income alone was in excess of the highest income listed on the state Guidelines for Support Standards (Guidelines) chart.[1] It further concluded that the Guidelines do not apply when the combined weekly disposable income of the parties

---

[1] The Guidelines for Support Standards at issue in this case are those developed pursuant to Public Acts 1985, No. 85-548, by the commission on family support guidelines. The Guidelines consist of general explanatory provisions, a work sheet for calculating each parent's disposable income and share of the applicable support amount, and a chart for determining the support amount. The chart is based on the combined disposable weekly income of the parents and sets forth various support amounts based on the

exceeds $750. The court considered the financial status of the parties, their living arrangements, the tax consequences of the original unallocated order, and the tax benefit of awarding the personal exemptions for the two children to the defendant. An order was entered requiring that the plaintiff pay $260 per week support for both children and allocating the tax exemptions to the defendant. From that order the defendant appealed to the Appellate Court on June 22, 1990, and we subsequently transferred the case to this court pursuant to Practice Book § 4023.

The defendant claims on appeal that the trial court improperly held that: (1) when the combined weekly disposable income of the parties exceeds $750, the Guidelines are not applicable; and (2) since the parties' combined disposable income exceeded $750,[2] that fact alone is sufficient to find that the application of the Guidelines would be inequitable or inappropriate.

## I

The defendant argues that the trial court's refusal to apply the Guidelines in making its determination of child support contradicts the plain language of General Statutes § 46b-215b.[3] The statute does not, despite the

---

number and age of the children. The chart begins at the $100 disposable income level and continues at increments of $10 up to $750. At the $750 income level, the chart provides, in pertinent part, as follows:

"Schedule for Weekly Support Payments

| Combined Disposable Weekly Income +/−$5.00 | 1 Child | | | 2 Children | | | 3 Children | | |
|---|---|---|---|---|---|---|---|---|---|
| | -6 | 6–15 | 16–17 | -6 | 6–15 | 16–17 | -6 | 6–15 | 16–17 |
| | 24% | 27% | 29% | 38% | 44% | 50% | 44% | 50% | 50% |
| 750 | 180 | 203 | 218 | 285 | 330 | 375 | 330 | 375 | 375" |

[2] We note that neither party disputes the contents of the financial affidavits or the trial court's finding that the parties' combined weekly disposable income does exceed $750.

[3] General Statutes § 46b-215b provides: "(a) The child support guidelines promulgated pursuant to section 8 of public act 85-548 and any updated

defendant's assertions to the contrary, require the trial courts to *apply* the Guidelines to all determinations of child support, but creates only a rebuttable presumption as to the amount of child support. It requires only that the trial court *consider* the Guidelines. Moreover, the Guidelines do not contain provisions for disposable incomes in excess of $750. "When language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction." *Cilley* v. *Lamphere,* 206 Conn. 6, 9–10, 535 A.2d 1305 (1988). Absent ambiguity, the courts cannot read into statutes, by construction, provisions that are not clearly stated. *Hayes* v. *Smith,* 194 Conn. 52, 58, 480 A.2d 425 (1984).

There are no provisions for extrapolating to higher income levels the percentages or award amounts set forth in the Guidelines chart.[4] If the legislature or commission had intended to provide for such extrapolation of the chart, it could have said so. Two long-standing rules of statutory construction are that a court may not by construction supply omissions in a statute simply because it appears that good reasons exist for adding

guidelines issued pursuant to section 46b-215a *shall be considered* in all determinations of child support amounts within the state. In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by the commission under section 46b-215a, shall be sufficient to rebut the presumption in such case.

"(b) In any proceeding for the establishment or modification of a child support award, the child support guidelines shall be considered in addition to and not in lieu of the criteria for such awards established in sections 46b-84, 46b-86, 46b-130, 46b-171, 46b-172, 46b-198, 46b-215, 17-324 and 17-578." (Emphasis added.)

[4] The court notes the issuance of the updated Guidelines, promulgated pursuant to General Statutes § 46b-215b dated January, 1991, and effective March 1, 1991. These Guidelines, which will not be applied retroactively, expand the chart to cover net weekly incomes up to $1500 and specifically provide "the guidelines do not apply where the combined net weekly family income exceeds $1,500." (1991 Guidelines at pp. 4, 9)

them; *State* v. *Baker,* 195 Conn. 598, 602, 489 A.2d 1041 (1985); and that a court must construe a statute as it finds it, without reference to whether it thinks the statute would have been or could be improved by the inclusion of other provisions. *Johnson* v. *Manson,* 196 Conn. 309, 315, 493 A.2d 846 (1985). These rules of statutory construction are equally applicable to the task confronting the trial court in attempting to apply these legislatively mandated Guidelines. Regardless of what the parties or the court think the Guidelines should provide, the fact is inescapable that they contain no provisions for parties whose income exceeds $750 per week. The task of promulgating provisions to cover such a situation lies with the legislature or its commission,[5] not with the court. See *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 414, 311 A.2d 65 (1972).

General Statutes § 46b-215b (b) provides that in any proceeding for the establishment or modification of a child support award, the Guidelines "shall be considered in addition to and not in lieu of" the criteria established in General Statutes § 46b-84 (b) and other statutes not applicable to this proceeding.[6] In addition, the Guidelines themselves list several factors that may

[5] These Guidelines were originally promulgated by the commission on family support guidelines pursuant to Special Act 1984, No. 84-74, and used as part of a pilot program in the judicial districts of Fairfield and Litchfield. Pursuant to Public Acts 1985, No. 85-548, they were adopted and "made available but not binding upon" judges and other officials who determine child support awards. Public Acts 1989, No. 89-203 made it mandatory that these Guidelines be considered in all awards of child support in this state.

[6] The factors enumerated in General Statutes § 46b-84 (b) are "the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."

be relevant to the determination of support amount, including the "needs of a second or prior family" and "other reasonable considerations."

In reaching its decision, the trial court considered the parties' financial affidavits[7] and the fact that the plaintiff pays $200 per week, pursuant to the order of another court, for the support of one child from a subsequent marriage.[8] It further considered the tax ramifications of modifying the original order of unallocated child support and alimony to an order of simple child support, and of awarding the personal exemptions for the two children to the defendant.[9] The court also explained how the Guidelines work and why they do not apply to these parties.

The defendant's claim that the trial court contradicted the plain language of General Statutes § 46b-215b is without merit. The record shows that the court considered the Guidelines, found the chart inapplicable for arriving at a presumptive support amount, and considered the statutory criteria and other Guideline factors in arriving at its decision.[10]

## II

The defendant urged the trial court to extrapolate from the chart by applying the percentage listed at the

[7] The affidavits set forth information concerning the parties' incomes, expenses, employment, assets and debts.

[8] Financial hardships that result from a remarriage may be considered on a motion for modification, although they are not alone sufficient to justify the need for a modification. *Riccio* v. *Riccio,* 153 Conn. 317, 320, 216 A.2d 431 (1966); *Lev* v. *Lev,* 10 Conn. App. 570, 573, 524 A.2d 674 (1987). The trial court declared that it gave "no significant effect" to this child support order.

[9] It is clear that the trial court has the authority to allocate the income tax exemption and that doing so is a reasonable exercise of the court's wide discretion and broad equitable power. See *Serrano* v. *Serrano,* 213 Conn. 1, 12, 566 A.2d 413 (1989).

[10] The trial court need not make express findings on each of the statutory considerations. *Leo* v. *Leo,* 197 Conn. 1, 5, 495 A.2d 704 (1985).

$750 level (44 percent) to the plaintiff's income. The court found that applying the Guidelines chart to incomes in excess of $750 would be inequitable because the statistical basis for the chart loses its validity as the disposable income of the family increases; that is, the proportion of household income spent on children declines as household income increases. R. Williams, "Guidelines for Setting Levels of Child Support Orders," 21 Fam. L.Q., No. 3, 281, 288 (1987). The final report prepared by the 1985 commission on child support which recommended the statewide adoption of the Guidelines itself noted: "It is generally accepted that the guidelines are of minimal value in framing support obligations at both the high and low ends of the income scale." Obviously, while a family earning $750 a week may spend 44 percent of its income supporting two children, a family earning $2000 per week ordinarily spends a lower percentage.[11] Since the purpose of a child support order is to provide for the care and well-being of minor children, and not to equalize the available income of divorced parents, the trial court had the authority to reject the defendant's suggested extrapolation of the Guidelines' percentage as inappropriate and inequitable in the circumstances before it.

The modification order is affirmed.

In this opinion the other justices concurred.

---

[11] It is noted that the 1991 Guidelines provide that for income levels between $750 and $1500, the actual percentage of income allocated to child support *declines* incrementally, in keeping with the commission's finding that "the percentage of net household income spent on children declines as household income goes up, particularly at higher income levels." (1991 Guidelines at p. 4)