[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO REARGUE (#134)
The marriage between the plaintiff, Rosemary Miklos, and the defendant, James J. Miklos was dissolved on April 18, 1989. As part of the decree, the court incorporated by reference a separation agreement dated the same day. As part of the agreement the defendant was ordered to pay child support to the plaintiff in the amount of (seventy) $70.00 per week for child support.
On March 5, 1991, the plaintiff filed a motion for modification of child support claiming that a change of circumstances had occurred since the entry of the child support order and in addition claiming that the current support order does not comply with the child support guidelines. By order dated April 16, 1991, this court denied the plaintiff's motion for modification of child support on the basis that the plaintiff had not proved a substantial change in circumstances and Public Act 90-188 cannot be applied retroactively. Darak v. Darak, 210 Conn. 462 (1989).
On May 14, 1991, the plaintiff filed a motion to reargue her motion for modification of child support claiming that the recent Connecticut Supreme Court decision Battersby v. Battersby, 218 Conn. 467 (1991), implicitly holds that child support guidelines do apply to child support orders entered prior to the existence of the guidelines without the necessity of showing a substantial change in circumstances. CT Page 5608
On May 24, 1991, the defendant filed an objection to the plaintiff's motion to reargue, with a supporting memorandum of law.
The defendant relies on White v. White, 5 CSCR 1033 (November 9, 1990, Pickett, J.) and argues that Public Act 90-188 may not be applied retroactively and therefore the plaintiff is only entitled to a modification if a substantial change in circumstances is shown.
The court's decision in White, Id., is based on the Supreme Court's holding in Darak v. Darak, 210 Conn. 462. The issue in Darak was whether a statutory change in the principles governing modifications of support orders applies to any motion for modification filed after the effective date of the act or applies only prospectively to dissolution decrees and orders entered after its effective date. Id. at 462. The court held that Public Act 87-104, which at that time amended Connecticut General Statute section 46b-86a, is to be applied prospectively only to dissolution decrees entered after the effective date of the act.
 The amended 46-86(a) [P.A. 87-104] falls within the rubric of legislation that affects substantive rights because it increases statutory liability . . . The new act increases. . . statutory exposure by subjecting [the plaintiff] to the risk of modified financial orders even for previously contemplated salary increases, when prior law would have afforded him immunity from such liability.
Darak, 210 Conn. at 468 (citations omitted).
Public Act 87-104 permitted modifications of support orders despite the fact that a change in financial circumstances had been contemplated by the parties at the dissolution. Darak, 210 Conn. at 465. Prior to the 1987 amendment no such modification would have been allowed, Id. The court's holding in Darak to apply Public Act 87-104 prospectively was a matter of statutory construction. Absent some direction from the legislature to apply the law retroactively, the presumption is that the law will have only prospective affect. If the legislature desires a retroactive affect, it has the power to mandate it. To the extent that the present case raises the issue of whether a subsequent Public Act, affecting Conn. Gen. Stat.46b-86, may apply retroactively, the decision in Darak is not controlling because, as a matter of statutory construction, a subsequent public act may expressly provide for retroactivity.
The issue in the present case is whether the new child support guidelines may be applied to motions for modification of support filed in cases where judgment was entered prior to the effective date of the guidelines, without a showing of substantial change of circumstances.
In the present case, the parties rely on Public Act 90-188 as the basis for their arguments. This act was repealed by Public Act 90-213. Both acts CT Page 5609 were later codified in Connecticut General Statute section 46-86 (a) (revised to 1991) which provides that:
 Unless and to the extent that the decree precludes modification, any final order for the periodic payment of. . .support. . . may at anytime thereafter be. . .modified by said court upon a showing of a substantial change in circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . . (emphasis added).
The child support guidelines were adopted pursuant to Public Acts 85-548 and 89-203 which is codified in Connecticut General Statutes sections46b-215a and 46b-215b. Section 46b-215b provides, inter alia, that the child support guidelines "shall be considered in all determinations of child support amounts within the state. . . ."
The legislature intended Public Act 90-188 to have retroactive affect. The language "may at anytime thereafter be . . . modified" is explicit recognition for the act to apply to motions for modification filed in cases where judgment was entered prior to the effective date of the child support guidelines. Moreover, effective May 9, 1991, Public Act 91-76 repealed and replaced Section 46b-86 of the general statutes. This act provides, inter alia that "modification may be made of such support order without regard to whether the order was issued before, on or after the effective date of this act." (emphasis added).
In Indich v. Indich, 5 CSCR 1032 (November 19, 1990, Hodgson, J.) the court granted a motion for modification of support from a dissolution judgment entered in 1984. The court found that pursuant to Public Act 90-188, the present order for child support substantially deviated from the child support guidelines. After finding that the application of the guidelines would be neither inequitable or inappropriate, the court modified the present order to reflect the applicable amount of support pursuant to the family support guidelines.
In light of the language of Public Acts 90-188 and 91-76, the child support guidelines may be applied to motions for modification of support filed in cases where judgment was entered prior to the effective date of the child support guidelines. A showing that the final order for child support substantially deviates from the child support guidelines is sufficient for a modification of support without a showing of substantial change of circumstances as long as the application of the guidelines would be neither inequitable or inappropriate.
For the foregoing reasons, the motion to reargue is granted.
Susco, J. CT Page 5610
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5611
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5612