[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In its October 30, 1990 judgment of dissolution, the court awarded plaintiff Margaret Welch sole legal custody of the two minor children, Ryan D. Welch, born on September 23, 1975, and Regan M. Welch, born on January 8, 1981. Furthermore, the court ordered that defendant Daniel Welch pay $300 per week as child support until October of 1991 and $350 per week thereafter. In addition, the court ordered the parties to share equally all uninsured medical, counseling and similar expenses.
Defendant Daniel Welch has filed and provided testimony in support of a motion to modify the aforesaid child support order based upon the fact that Ryan has moved into his residence. In this regard the defendant testified that as of May 30, 1991 Ryan, now age 16, commenced full time residence with him, and that he attends a public school in the district of his residence. According to the defendant, Ryan is more expensive to support than Regan, age 10, who resides with the plaintiff. The defendant cites expenses for Ryan's extracurricular activities and his voracious appetite. Plaintiff Margaret Welch agrees with the assessment of Ryan's appetite which, according to her testimony, she supports on Ryan's continual and numerous visits at her residence.
From a legal perspective the defendant argues 1) that the present support order entered in October of 1990 was not anchored firmly in the child support guidelines, inasmuch as the guidelines then in effect contained no provision for split custody situations, 2) that the present order exceeds the current guidelines and 3) that the shared parenting arrangement for the minor Ryan justifies a deviation from the guidelines. The plaintiff staunchly rejects these arguments. CT Page 9269
The court has heard the parties and has reviewed their financial affidavits, as well as the applicable statutes and guidelines.
Although the guidelines in effect in October of 1990 specifically did not preclude consideration of other factors, presumably such as "split custody," in outlining the dollar level of support, a review of the transcript discloses such consideration by the court in October of 1990. Regarding the defendant's remaining claims that the present order exceeds the current guidelines and that the shared parenting arrangement calls for guideline deviation, the court finds that a substantial change in circumstances has been effected by the current split custody arrangement After examining the guidelines and considering the evidence presented Battersby v. Battersby, 218 Conn. 467, 471 (1991), this court finds that adherence to the guidelines is inappropriate and this court modifies the support order for Ryan as follows: Defendant Daniel Welch shall pay $70.00 per week to the plaintiff for the support of Ryan. Said order is retroactive to June 26, 1991. The total child support order is adjusted accordingly. The other orders in the judgment of dissolution shall remain undisturbed.
JONES, Judge.