[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANT'S MOTION FOR MODIFICATION
This memorandum of decision responds to the defendant's motion for modification filed November 3, 1995. Therein, the defendant sought adjustment of his child support obligations based on "a substantial change in circumstances." The court finds the issues in favor of the defendant.
General Statutes § 46b-86 permits an order of child support to be "altered or modified by [the] court upon a showing of a substantial change in the circumstances of either party . . . . whether or not such change of circumstances was contemplated at the time of the dissolution." Child support orders are governed by General Statutes § 46b-56 and §46b-84. § 46b-84(c) specifically establishes that "in determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate vocational skills and employability of each of the parents . . . ." The court considers the regulations popularly known as "Child Support Guidelines"[1] in addition to and not in lieu of the statutory criteria established by §46b-84. Battersby v. Battersby, 218 Conn. 467, 471 (1991).
The marriage of the parties was dissolved on October 26, 1990. (S. Cohen, STR.) Orders issued on that date required the defendant to pay the plaintiff $150.00 weekly as child support after their daughter Heather reached age eighteen. This event occurred on November 19, 1994. Those child support orders, which had not been previously modified by the court, were based partly upon the parties' financial affidavits. The plaintiff's affidavit, dated October 25, 1990, identifies her occupation as a nurse working at the Institute of Living, and lists her net weekly wage as $454.87. The defendant's affidavit, which is undated, indicates he is self-employed as a glass installer, and lists his net weekly wage as $393.61.
The evidence revealed that the defendant has sustained certain physical injuries since the entry of the current child support orders. As a result, he has undergone both spinal and CT Page 1323-TTTT carpal tunnel surgery. The defendant has a pending workers' compensation claim relating to his unresolved back injuries. He anticipates a timely resolution of the workers' compensation claim relating to his hand injuries. The defendant is no longer employed as a glass installer. He had been employed as a maintenance worker earning eleven dollars an hour, working 45 to 50 hours per week: he was terminated from this position when the employer learned of his current probationary status, resulting from criminal prosecution. The defendant is currently employed at Crystal Tool, training to work as a machinist. He is receives gross wages of six dollars per hour, and has the capacity to work forty hours per week. His present earning capacity is thus $240.00 per week. The defendant anticipates continued employment at Crystal Tool, and an increased rate of pay when he has completed his training.
The plaintiff's financial affidavit establishes that she is currently employed as a nurse at Manchester Hospital, earning gross wages of $891.97. The plaintiff remains the care-taking parent for two minor children.
The court finds a substantial change in the circumstances of both parties, and concludes that the current child support order of $150.00 per week is no longer equitable. Utilizing the statutory criteria of § 46b-84 and the Child Support Guidelines, the court finds that the defendant should pay the plaintiff $66.00 weekly as child support. He is ordered to pay that amount weekly from this date forward.
In response to a motion for modification of child support obligations, General Statutes § 46b-86 permits the court to "order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party . . ." The record reflects that notice of the motion at issue was served upon the plaintiff on October 17, 1995.
Accordingly, the court's order of modification will reflect the defendant's child support obligations from October 17, 1995 to the present.
The evidence further established that the defendant paid a total of $155.00 to the plaintiff as child support during the period of July 28, 1995 and February 7, 1996. The court finds CT Page 1323-UUUU that the defendant is therefore in arrears in the amount of $1550.00 for the period of July 28, 1995 through October 16, 1995. ((11 weeks x $150) — $155 = $1495.00.) The court also finds that the defendant is in arrears in the amount of $1056.00 for the period of October 17, 1995 through February 7, 1996. (16 weeks x $66 = $1056.) The total child support arrearage is therefore $2551.00.
The court finds that the defendant does not have the present means to contribute payment toward the arrearage. However, when the defendant receives the anticipated wage increase and/or workers' compensation awards, he will likely have the ability to make appropriate contributions, or even to alleviate the arrearage. Therefore, the court will continue this case to April 10, 1996, for further consideration of the matter, including orders relating to payment of the arrearage.
BY THE COURT,
N. Rubinow, J.