[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: MOTION TO MODIFY (#140)AND MOTION FOR ORDER (#143)
The plaintiff wife and the defendant husband had their marriage dissolved by judgment entered after an uncontested hearing on July 12, 1995. The parties' separation agreement dated July 6, 1995 was found to be fair and equitable and was incorporated in the decree pursuant to § 46b-66, Conn. Gen. Stat.. The defendant agreed to pay $3,500 monthly alimony and $1,000 per month child support for each of the parties' minor children as well as summer camp expenses.
At the time judgment was entered the defendant was receiving a severance package from his former employer after which he applied for and received unemployment benefits. His earnings and earning capacity were deemed to be $175,000 by both parties and the plaintiff's earned income was deemed to be $63,000 all as set out in Article XIII of their separation agreement. The defendant listed his gross monthly salary as $14,583 and net disposable income as $10,871 on his July 12, 1995 financial affidavit.
At the time of this hearing, he is employed at a gross monthly salary of $10,000 and net disposable income of $6,922. There is no evidence that he is underemployed, cf. Miller v. Miller, 181 Conn. 610. CT Page 5252-NNN The court finds this to be a substantial change in circumstances. The plaintiff's affidavit dated May 13, 1996 listed monthly unemployment benefits of $1,603, dividends of $144 net, the alimony being received of $1,500 monthly and the child support payments.
Her total gross income from all sources is $3,680 and without the alimony or child support is far short of her deemed income. Her unemployment benefits, annually, total $19,236 to which is added $2,160 of dividend income for a total gross income of $21,396.
The child support guidelines must be examined, Favrow v.Vargas, 231 Conn. 1. However, since the combined net disposable incomes still exceed $1,750 weekly, the presumptive maximum is considered, for two children, of $480 Guidelines Reg. 46b-215a-2;Battersby v. Battersby, 218 Conn. 467.
Although the defendant's motion speaks in terms of an unallocated order, the defendant argued for a pro rata reduction in the alimony and in the child support orders. The plaintiff demonstrated substantial earnings in the recent past, and coupled with the fact she has been actively seeking employment, leads the court to conclude that an unallocated order would serve to penalize her income tax obligations.
The defendant has remarried, but there is no reason to apply the McGuinness v. McGuinness, 185 Conn. 7 holding to this case.
Having reviewed the evidence in light of the statutory criteria and case law, the court has concluded the following orders are appropriate.
The alimony order is reduced to $2,000 monthly.
The child support order is not changed. The parties agreed that their children's needs were being met when they agreed to the $1,000 per child per month order. The court had no evidence that either child's needs had decreased during the ensuing 10 months since the dissolution.
Finally, there is an issue raised by the plaintiff's motion, which seeks to alter an agreement made in December, 1995, that any modification would be effective as of December 1, 1995. The plaintiff's motion is denied. CT Page 5252-OOO
There is an arrears created of $500 monthly since December 1, 1995 through August 31, 1996 for a total of $4,500. The defendant shall pay the sum of $250 monthly, commencing next month, until the arrears is liquidated.
HARRIGAN, JUDGE