[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION (DOCKET ENTRY NO. 111)
Before the court is the defendant's Motion for Modification (docket entry number 111), dated April 24, 1997.
Some history of this case is necessary. The marriage of the parties was dissolved on June 17, 1987. There were two children, issue of this marriage, both of whom remain minors. The plaintiff was then, and still is, the custodial parent.
There was an separation agreement of the parties, which was incorporated into the decree of dissolution. Paragraph 4 thereof provided for child support payable by the defendant in the sum of $670.00 per month per child, making total child support in the sum of $1,340 per month.
Subsequently, the plaintiff moved for a modification of the child support order (docket entry number 110). On April 6, 1989, the court (Coppeto, J.) modified the order of child support, increasing it by an additional $10.00 per week, per child, retroactive to January 13, 1989. On a monthly basis, this equates to an additional $86.00, bringing the total child support order to $1,426 per month. CT Page 13765
However, both parties represented that, since the date of that order, the defendant has actually been paying $1,500 per month to the plaintiff. There is no ready explanation for this, other than by reference to paragraph 4 of the separation agreement. It provides that, in the event the husband's income is $56,000 per year, he should pay $1,500 per month as and for child support. The court notes that at the time of the modification order, the defendant's affidavit shows that he was earning $55,430 per year.
The defendant has now moved for a modification of the child support order. He represents that, "due to a change in the financial circumstances of the parties, the defendant seeks a downward modification of the support payment." Motion for Modification, paragraph 9. Both parties have filed affidavits in connection with the instant modification proceeding. The court heard the parties testify, and there is no reason for the court to doubt the information set forth in those affidavits.
A threshold consideration for the court is whether the Connecticut Child Support and Arrearage Guidelines, Connecticut General Statutes § 46b-215b, apply. The plaintiff urges that they do not, inasmuch as the decree predated the effective date of the guidelines. She asks that the decree, therefore, be strictly followed. If the court were to do that, based upon the husband's present income, he would be liable for child support substantially in excess of the $1,500 per month he is currently paying. The defendant, however, opines that the Child Support and Arrearage Guidelines apply even though the decree predated the guidelines' effective date. This court agrees with the defendant on the basis of the holding in Turner v. Turner, 219 Conn. 703
(1991). Therefore, the court does apply the guidelines.
The court has prepared its own guidelines worksheet, a copy of which is attached as Appendix A, based upon the parties' financial affidavits and the testimony at the instant modification proceeding. The recommended support amount payable by the defendant is $309.00 per week or approximately $1,329 per month ($309.00 times 4.3). However, Connecticut General Statutes § 46b-86(a) provides that, "There shall be a rebuttable presumption that any deviation of less than fifteen percent from the child support guidelines is not substantial and any deviation of fifteen percent or more from the guidelines is substantial." CT Page 13766
Also, the guidelines enabling statute, Connecticut General Statutes § 46b-215, "does not require the trial courts to apply the guidelines to all determinations of child support but creates only a rebuttable presumption as to the amount of child support. It requires only that the trial court consider the guidelines." Battersby v. Battersby, 218 Conn. 467, 470 (1991); also, Draper v. Draper, 40 Conn. App. 570, 573 (1996). Connecticut General Statutes § 46b-215b(b) itself provides that, "in any proceeding for the establishment or modification of a child support award, the child support guidelines shall be considered in addition to and not in lieu of the criteria for such awards established in sections 46b-84, 46b-86 . . . ."
The court has considered the evidence, the guidelines, and the mandates of § 46b-84 and § 46b-86. The court notes that, at the time of the last modification in 1989, the plaintiff's affidavit shows that she was earning approximately $23,450 per year gross, $17,680 net, after deducting taxes only. She is now earning $33,800 gross, $26,940 net, deducting taxes only. By contrast, in 1989, the defendant was earning approximately $55,430 gross, $37,900 net of taxes. He is now earning $85,280 gross, $61,100 net of taxes.
The court has further considered that the plaintiff has not remarried, that she has substantial assets, especially a mortgage free house, but that she has no source of income other than by virtue of her employment. Further, the parties' children have been attending a parochial school, which is an additional educational cost. On the other side, the court notes that the defendant has remarried and that his new spouse has a substantial income and shares the household expenses. The court considers that, while the defendant and his new spouse have two children of their own, the expenses of the defendant are in near equipoise with his net income, a situation which the plaintiff does not enjoy.
In view of all of the foregoing, the court believes that an appropriate child support order is $1,500 per month. It should be noted that this is within fifteen percent of the guidelines' recommended support amount; therefore, the court's order is not a substantial deviation from the guidelines' recommended amount. Connecticut General Statutes § 46b-86(a). The court has considered the guidelines deviation request made by each party, but does not feel that there are adequate grounds for deviation. CT Page 13767
Therefore, the defendant's motion to modify is denied.
So ordered.
KAVANEWSKY, J.
APPENDIX A
 CONNECTICUT CHILD SUPPORT AND ARREARAGE GUIDELINES WORKSHEET A — PAGE 1
Karen Spear James Spear Karen Spear __________________ ___________________ ______________________ MOTHER FATHER NAME OF CUSTODIAN
CHILD'S NAME DATE OF BIRTH CHILD'S NAME DATE OF BIRTH
Suzanne 3/9/84 — ------------- ------------- -------------- --------------
Jason 3/13/85 — ------------- ------------- -------------- --------------
--------------- ------------- -------------- --------------
 I. Net Income Computation (Weekly amounts) MOTHER FATHER ------------------------------------------------------------
 1. Gross income (attach verification) $ 650 $1,641 ----- ----- 2. Number of exemptions for tax purposes _____ _____
 3. Federal income tax $ 79 $ 298 ----- ----- 4. State and local income tax $ 13 $ 83 ----- ----- 5. Social security tax or mandatory retirement $ 40 $ 85 ----- ----- 6. Health insurance premiums (other than child) $ 4 $ 7 ----- ----- 7. Union dues or fees $ ____ $ ____
 8. Unreimbursed work-related day care $ $ 93 ----- ----- 9. Other alimony and child support orders $ ____ $ ____
CT Page 13768
10. Sum of lines 3-9 $ 136 $ 566 ----- ----- 11. Net income (line 1 minus line 10) $ 514 $ 1,075 ----- ------ II. Current Support Determination -------------------------------------------------------------
12. Combined net weekly income (nearest $10.00) $1,589 ------ 13. Basic obligation (from schedule) $ 451 ------ 14. Check here if noncustodial parent is a low-income obligor (see instructions) ______
15. Child's health insurance premium $ 7 $ 7 ----- ----- 16. Total obligation (Line 13 minus noncustodial parent's line 15 amount if line 14 is checked; line 13 plus line 15 total for all other cases) $ 465 ----- 17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18.) .32 .68 ----- ----- 18. Each parent's share of the total obligation (Line 17 times line 16 for each parent) $ 149 $ 316 ----- ----- 19. Health insurance premium adjustment $ 7 $ 7 ----- ----- 20. Social security benefits adjustment $ ____ $ ____
21. Sum of lines 19 and 20 (for each parent) $ 7 $ 7 ----- ----- 22. Recommended support amounts (Line 18 minus line 21) $ $ 309 ----- ----- 23. Current support order (Noncustodial parent(s) only. If different from line 22 amount, explain in section VI.) $ ____ $ ____
GO TO THE NEXT PAGE
CT Page 13769