[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION (DOCKET ENTRY NO. 123)
In anticipation of her marriage on June 27, 1998, plaintiff has filed a Motion for Modification of alimony and support. The motion has been referred to the undersigned Judge Trial Referee by the Presiding Judge for hearing and determination. By the terms of the judgment alimony terminates on the date of the plaintiff's marriage, so the present order for unallocated alimony and support CT Page 7080 must be modified effective with the week beginning June 29, 1998.
A decree of dissolution of the parties' marriage was entered on July 8, 1996. At that time, the parties entered into a property settlement agreement which provided for unallocated alimony and support to be paid to the plaintiff wife, terminable upon the earliest to occur of the following events: the plaintiff's death, her cohabitation, her remarriage, or three and one-half (3 1/2) years, non-modifiable as to term. The agreement and judgment provided for unallocated alimony and support in the amount of $1,153.50 per week. The agreement and judgment further provided that upon termination of alimony, the defendant shall pay to the plaintiff for the benefit of the minor children, child support in accordance with the Child Support Guidelines. The plaintiff expects to remarry on June 27, 1998, which event will terminate her alimony and require support in a specified amount to continue for the minor children.
There are three minor children issue of the parties' marriage: James Robert who will be 12 on August 5, Ann Michele who is 10 and Alexander who is 7.
The plaintiff is 40 years of age and in good health. Her weekly expenses as listed in her financial affidavit total $1,430. She works part time selling Shaklee products (see defendant's exhibit 1, which shows gross earnings of $784.00 for 1997) and cleaning houses for extra income while the children are in school. Her financial affidavit shows such part time income in an amount of $146.00 per week with child care expenses of $73.00 for a net weekly income of $73.00.
The plaintiff resides with the children in the marital home in Monroe which was assigned to her subject to the existing mortgage upon the decree of dissolution. The parties were married for eleven years at the time of the decree of dissolution.
The defendant is thirty-six years of age and in good health. He is employed as a paper broker by Pacific Forest Resources, Inc. He is a Vice-President and employed in the corporation's Norwalk office. He has been so employed for eight years. He receives a base salary of $138,000 per year and a car allowance of $6,000 per year. (See defendant's financial affidavit and defendant's exhibit 4.) His financial affidavit shows net weekly wages or $1538.00 which does not include his bonus. In addition, if profits are realized by the corporation, he receives a bonus which is paid CT Page 7081 at the end of a calendar year and the early part of the following year. The defendant received such a bonus for 1997 in the amount of $85,000. The bonus for 1996 was $70,000. There was a bonus for 1995 but no bonus in 1994. The defendant testified that the profitability of the corporation is entirely cyclical and that historically the last few years have been ones of high profits.
For purposes of a proper computation of support, one takes defendant's net income as reported for federal income tax purposes. For 1995, the defendant's total income was $198,580; for 1996, $199,021; and for 1997, $206,334. The average of these three figures is $201,311. The federal tax for 1997 was $32,000. The court has, therefore, made its order of support upon a net weekly wage of $2,640 ($201,311 divided by 52 = $3,871 less weekly deductions as reported in the financial affidavit of $1,231). Since the Child Support Guidelines apply only to net weekly incomes of $1,750, the determination of support lies outside the Child Support Guidelines, provided, however, that the amount of support prescribed at the $1,750 level is presumed to be the minimum that should be ordered in this case, which is $572.00 per week. (Preamble to Child Support and Arrearage Guidelines (e)(1) Income Scope and Child Support and Arrearage Guidelines effective 6/1/94, p. vii; see Battersby v. Battersby, 218 Conn. 467 (1991). For guideline cases generally see Turner v. Turner, 219 Conn. 703
(1991); Favrow v. Vargas, 222 Conn. 699 (1992).
Since the guidelines are inapplicable in this situation, the court has to consider the factors of § 46b-84 (c) of the General Statutes. That provision of the statutes provides as follows:
 "In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."
The court has considered all of these factors. The plaintiff has testified that she expects to be a housewife and mother in the future, that her husband to be will pay the household expenses including the house mortgage, insurance and taxes. The children, CT Page 7082 with ages 12, 10, and 7, have numerous expenses now and in the future normally incurred for their ages, i.e., summer camp, after school activities, school trips, and, in the future, school proms, appropriate uniforms or attire for various teen-age activities, movies and entertainment. There are, therefore, children's needs with expenses considerably more than when the judgment of dissolution was entered in the case but two years ago.
Provided the plaintiff's remarriage occurs on June 27, 1998 as anticipated, the defendant's obligation for support shall be $750.00 per week for the three minor children effective commencing the week of June 29, 1998, which order for support shall continue until further order of the court. An immediate order for wage withholding shall issue to secure this order for support. As previously stated, this order is based upon a net weekly wage for the defendant of $2,640. The defendant shall be entitled to the dependency exemption for the three minor children for so long as he is obligated to pay support for each of them. At such time as the defendant's obligation for support terminates for a child, the dependency exemption for that child shall belong to the parent entitled by law to claim such deduction. The court has authority to make such an order. Serrano v. Serrano, 213 Conn. 1 (1989). The plaintiff shall execute, annually, those papers necessary for the defendant to be able to do so. The defendant shall continue to maintain the children on his health insurance. The provisions, of Articles VII and VIII of the parties' written agreement incorporated in the judgment entered by the court on July 8, 1996 shall continue in full force and effect.
In the event the plaintiff does not remarry on June 27, 1998 as anticipated, the terms and provisions of the judgment entered on July 8, 1996 shall continue in full force and effect.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE