[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION DATED OCTOBER 11, 1996 (DOCKET ENTRY NO. 124)
The defendant has moved that the orders of May 15, 1993, for support and alimony be modified. The motion alleges that there has been a substantial change of circumstances since the entry of the original orders.
The parties were married on July 26, 1980. There have been three children born, issue of the parties: Andrew, born July 18, 1983, who is 15; Joshua, born July 15, 1989, who is 12; and Brandon, born February 16, 1989, who is 9. A decree of dissolution of the parties' marriage was entered on May 15, 1993. The parties entered into an agreement, which was incorporated into the judgment, which provided for the plaintiff to pay $1,800 per week alimony to the defendant until the defendant's death, remarriage, cohabitation pursuant to the statute or April, 2000. The agreement also provided for support in the amount of $633.33 per month per child or a total of $1,900 per month. The defendant, therefore, is receiving $3,700 per month by way of alimony and support.
The plaintiff is a dentist practicing in Fairfield with offices at Beach Road. In 1993, he was also a practicing dentist. The defendant is a dental hygienist and holds two part time jobs, one in Westport and one in Milford. At the time of the decree, plaintiff was earning a net income of $5,500 per month or $1,279 per week. Defendant was then earning $482.00 per week. Plaintiff's net income as stated in his current financial affidavit is $1,844 per week and the defendant's net income as reported in her current financial affidavit is $620.00 per week. (Plaintiff's net income using the figures on his financial affidavit should be $1,849.) It should be noted that the plaintiff's annual net income for the year 1997 was $175,000. (See defendant's exhibit 2.) In a December, 1996 financial affidavit, plaintiff reported gross weekly income of $3,231 with the same deductions for a net weekly income of $2,310. It is his claim that the weekly gross of his business for 1998 is somewhat CT Page 10914 less and his expenses are greater.
The motion for modification is filed pursuant to the provisions of § 46b-86(a) of the General States. Section46b-86(a) provides, in part, as follows:
 Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, . . . . (Emphasis supplied.)
The court finds there has been a substantial change in thefinancial conditions of both parties. and finds, too, that the current order for support substantially deviates from the Child Support Guideline amount for three children with the parties now net incomes. See McGuiness v. McGuiness, 185 Conn. 7 (1981);McCann v. McCann, 191 Conn. 447 (1983); Turner v. Turner,219 Conn. 703, 719 (1991).
The plaintiff seeks to have the order for alimony terminated or modified. This motion has been dealt with in the court's Memorandum of Decision on docket entry no. 122.00 and has been denied. In considering whether or not alimony should continue the court must be guided by the factors of § 46b-82 of the General Statutes.
At the time of the judgment, this was a 13 year marriage. It is to be noted that the alimony is to terminate in April, 2000, so that the parties had agreed that alimony would terminate, if it did not sooner terminate by dealth, remarriage or cohabitation pursuant to the statute, in seven years. The defendant is now working full time. She is working to her capacity. It is clear from the parties' incomes alone that the plaintiff has much more opportunity to obtain additional assets.
For purposes of a proper computation of support, one takes the parties' gross weekly income less those deductions allowed under the Child Support Guidelines which includes income tax withholding, social security and retirement plan deductions and CT Page 10915 health insurance premiums. Based upon the plaintiff's financial affidavit, this figure is $1,849. Since the Child Support Guidelines apply only to net weekly incomes of $1,750, the determination of support lies outside the Child Support Guidelines, provided, however, that the amount of support prescribed at the $1,750 level is presumed to be the minimum that should be ordered in this case, which is $572.00 per week. (Preamble to Child Support and Arrearage Guidelines (e)(1) Income Scope and Child Support and Arrearage Guidelines effective 6/1/94, p. vii; see Battersby v. Battersby, 218 Conn. 467 (1991). For guideline cases generally see Turner v. Turner, 219 Conn. 703
(1991); Favrow v. Vargas, 222 Conn. 699 (1992).
Since the guidelines are inapplicable in this situation, the court has to consider the factors of § 46b-84(c) of the General Statutes. That provision of the statutes provides as follows:
 "In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."
The court has considered all of these factors. The defendant owns her own home but has expenses as set forth in her financial affidavit for mortgage, insurance, real property taxes, utilities and maintenance expenses. The children at ages 15, 12 and 9 have numerous expenses now and in the future normally incurred for their ages, i.e., after school activities, school trips, and, in the future, school proms, appropriate uniforms or attire for various teenage activities, movies and entertainment. There are, therefore, children's needs with expenses considerably more than when the judgment of dissolution was entered in this case five years ago.
There has been testimony of contributions made to the defendant by her male friend. This includes a dealership car supplied to her free of charge upon which she pays for gasoline only plus a car phone. Those other contributions which he has made were for specific items of expenses that the defendant CT Page 10916 incurred including planting for the new home, help on attorney's fees for these proceedings, a contribution towards furniture to mention a few and an interest free loan of $77,000 so the defendant could purchase her home. While this has helped immeasurably, these savings, except for the interest free loan, are all reflected in the defendant's financial affidavit. Her total weekly expenses are $1,635, including weekly liability expense of $135, with a net weekly income of $1,375 so that she still has a weekly shortfall of $260.00.
When the plaintiff was earning $5,500 per month, support of $1,900 per month constituted 34.5% of his net income. At his current monthly net income of $7,990, $1,900 per month represents but 24%. A fairer and more equitable figure for support is $2,600 per month by way of support, which equals 32.5% of his monthly net income.
The motion for modification is granted and the plaintiff should pay to the defendant support commencing October 1, 1998 in the amount of $2,600 per month ($200.00 per week per child) until the oldest child reaches the age of eighteen, or if said child is a full time high school student, until he completes the twelfth grade or attains the age of nineteen years, whichever first occurs. At that time, support shall be determined in accordance with the child support guidelines and further orders shall be entered by the court.
The motion for modification is granted, also, with regard to alimony. Commencing October 1, 1998, the plaintiff shall pay to the defendant $2,000 per month by way of alimony.
All other provisions of the judgment entered on May 15, 1993, shall remain in full force and effect.
The court has considered the provisions of § 46b-62 of the General Statutes and the factors of § 46b-82 with regard to counsel fees. Defendant's counsel has filed an affidavit of fees claiming $8,235 for services to September 1, 1998. Of this amount, $7,500 has been paid. However, fees for three days of trial must be added to this amount at $250.00 per hour, which the court finds to be a fair and reasonable charge.
The court orders that the plaintiff shall contribute the additional sum of Thirty-five Hundred ($3,500) Dollars as a contribution towards the defendant's counsel fees, which sum CT Page 10917 shall be paid within thirty (30) days of the date hereof.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE