[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has appealed pursuant to General Statutes § 46b-231(n) the decision of the family support magistrate granting the plaintiff's motion to open the judgment rendered on December 3, 1999. The plaintiff has moved to dismiss the appeal on the grounds that the family support magistrate's granting of the motion to open judgment is not a final decision from which an appeal properly lies. The state of Connecticut has joined in the plaintiff's motion to dismiss.[1] The defendant opposes the motion and claims that he may appropriately appeal the family support magistrate's granting of the motion to open the judgment.
A review of the court file indicates the following. On October 14, 1999, the defendant filed a motion to, inter alia, vacate the findings of arrearages owed to the plaintiff and to the state of Connecticut. On December 3, 1999, the defendant and the state of Connecticut, through their respective counsel, represented to the family support magistrate CT Page 3298 that they had reached an agreement that no arrearage was owed to the plaintiff and that an arrearage of $16,451 was owed to the state of Connecticut. The plaintiff was not present in court. The family support magistrate, Edmund Miller, entered a finding in accordance with the agreement that no arrearage was owed to the plaintiff.
On January 26, 2000, the plaintiff, acting pro se, filed a motion entitled "motion to find arrearage due the plaintiff' which asked the court to find an arrearage due her of $27,170. On February 25, 2000, in a proceeding before Family Support Magistrate Edmund Miller, the state ordered a transcript of the December 3, 1999 hearing. The hearing on the plaintiff's motion was continued on numerous occasions awaiting receipt of a copy of the transcript of the December 3, 1999 hearing.
Counsel filed an appearance on behalf of the plaintiff on May 19, 2000. On August 9, 2000, the plaintiff through counsel filed a motion to open the judgment of December 3, 1999 claiming that the judgment was based on a mutual mistake.
On December 19, 2000, Family Support Magistrate M. Christine Burt issued a memorandum of decision dated December 15, 2000 opening the judgment of December 3, 1999 with respect to the finding of no arrearage owed by the defendant to the plaintiff. Magistrate Burt deemed the plaintiff's pro se motion filed on January 26, 2000 to be a motion to open judgment and found it to have been timely filed within four months of the sending of notice of the judgment as required by Practice Book §17-4. The magistrate also found that the plaintiff did not attend the hearing on December 3, 1999 because she resided out of state and she was unable to travel to Connecticut for the court date. Magistrate Burt further found the judgment of December 3, 1999 was obtained by mutual mistake because it was based on an inaccurate calculation made by the state of the arrearage owed to the plaintiff.
The defendant filed the pending appeal of the December 15, 2000 decision of Magistrate Burt granting the plaintiff's motion to open the judgment. The defendant claims that Magistrate Burt erred in the following respects: (1) by "overlooking" the ruling of Magistrate Edmund Miller on February 25, 2000 on the plaintiff's motion to determine an arrearage; (2) by deeming the plaintiff's motion to determine an arrearage to be a motion to open; and (3) by finding a mutual mistake which justifies opening the judgment more than four months after entry of the judgment.
The plaintiff has filed a motion to dismiss the defendant's appeal on the grounds that the family support magistrate's granting of the motion to open is not a final decision which can be appealed.[2] I agree. CT Page 3299
General Statutes § 46b-231(n)(1) states that "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal . . ." The standard rules of final judgment jurisprudence may be used in determining whether the decision of a family support magistrate constitutes a "final decision" under the statute. Cardona v. Negron, 53 Conn. App. 152, 155 n. 10 (1999).
It has long been recognized that the granting of a motion to open judgment is not a final judgment from which an appeal properly lies.Ostroski v. Ostroski, 135 Conn. 509, 511 (1949). An otherwise interlocutory order is ordinarily appealable in only two limited circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. Statev. Curcio, 191 Conn. 27, 31 (1983).
The Connecticut Supreme Court has recognized a limited exception to the rule that an order opening a judgment is not a final judgment: where the appeal "challenges the power of the court to act to set aside the judgment." Connecticut Light Power Co. v. Costle, 179 Conn. 415, 418
(1980). See also Solomon v. Keiser, 212 Conn. 741, 747 (1989). The exception established in Connecticut Light Power Co. v. Costle applies to those cases in which the appellant makes a "colorable challenge to the jurisdiction of the trial court to open the judgment." Conetta v. City ofStamford, 246 Conn. 281, 294 (1998).
A review of the Supreme Court's decisions in Connecticut Light PowerCo. v. Costle and in Solomon v. Keiser indicate that the situations from which the Supreme Court allowed an appeal were extraordinary. InConnecticut Light Power Co., the Supreme Court refused to dismiss an appeal of a decision by the trial court to open and set aside a judgment in an administrative appeal that had been rendered four years after the close of the session in which the case was tried in violation of General Statutes § 51-29.[3] In Solomon, the Supreme Court allowed an appeal of the granting of a motion to open where the trial court also ordered the release of escrow funds.
The Connecticut Light Power Co. and Solomon exception to the general rule barring an appeal of the granting of a motion to open judgment has recently been interpreted as applying to those cases in which the trial court issued an order "that, if carried out, might have been harmful and irreversible to the appellant." Rosenfield v. Rosenfield,61 Conn. App. 112, 118 (2000). With this interpretive gloss, theConnecticut Light Power Co./Solomon exception falls within the second part of the test established by State v. Curcio which permits an immediate CT Page 3300 appeal of an otherwise interlocutory order where the action so concludes the rights of the parties that further proceedings cannot affect them.State v. Curcio, supra, 191 Conn. 31.
The defendant here has not asserted a colorable challenge to the jurisdiction of the trial court to open the judgment nor has he claimed that the family support magistrate issued an order, that if carried out, would be irreversibly harmful to him. Rather, the defendant in his appeal claims that Magistrate Burt erroneously ignored a prior ruling of Magistrate Miller, that she erroneously deemed the plaintiff's pro se motion to be a motion to open in violation of the provisions of Practice Book § 17-43 and General Statutes § 52-212, and that she erroneously found a mutual mistake that justified opening the judgment. None of these claims attacks the Magistrate's jurisdiction to open the judgment. They are claims that the Magistrate misapplied the law or made erroneous findings of fact. Such contentions involve the erroneous exercise of jurisdiction, not actions without jurisdiction which would allow an immediate appeal. See Hill v. Hill, 25 Conn. App. 452, 455-456
(1991). See also Amodio v. Amodio, 247 Conn. 724 (1999) in which the court emphasizes the distinction between a trial court's jurisdiction and its authority to act under a particular statute.
The granting of the motion to open judgment in this case is not a final judgment nor an interlocutory order that is immediately appealable.[4]
Accordingly, the plaintiff's motion to dismiss the appeal is hereby granted.
BY THE COURT
Judge Jon M. Alander