******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AMOS FINANCIAL, LLC *v.* UPENDRA B. PATEL
(AC 35864)

Beach, Sheldon and Bishop, Js.

*Submitted on briefs April 21—officially released July 8, 2014*

(Appeal from Superior Court, judicial district of New Haven, Hon. William L. Hadden, Jr., judge trial referee.)

*Michael C. McMinn* filed a brief for the appellant (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, Amos Financial, LLC, appeals from the judgment of the trial court rendered in favor of the defendant, Upendra B. Patel, doing business as Chapman's Liquor. The plaintiff claims that the court improperly (1) ruled that certain documents were inadmissible under the business records exception to the hearsay rule and (2) denied its motion to reargue and/or vacate. We affirm the judgment of the trial court.

The following is relevant to our resolution of this appeal. In 2011, the plaintiff initiated this action claiming that the defendant failed to pay the plaintiff and thus breached the terms of a promissory note, which the defendant had entered into with the plaintiff's predecessor in interest. A default judgment was entered against the defendant for failure to comply with a court order of discovery. The case proceeded to a hearing in damages.

At the hearing in damages, the affidavit of debt and the promissory note were marked for identification. The plaintiff sought to have those documents admitted as full exhibits pursuant to the business records exception to the hearsay rule. The plaintiff, however, did not produce anyone to testify that the documents met the foundation required to introduce into evidence a business record under General Statutes § 52-180. The defendant objected to the admission of the documents as full exhibits on the ground that there was no testimony that the documents satisfied the requirements of the business records exception. The plaintiff offered into evidence an affidavit of attorney's fees and copies of various motions in the case, but did not call any witnesses or offer any additional evidence as to the amount of debt owed.

In its memorandum of decision, rendered after the parties had submitted memoranda of law on the issue, the court agreed with defendant and concluded that the documents were not admissible as business records because the plaintiff had not presented a witness to testify that the requirements of the business record exception had been met. The court rendered judgment in favor of the defendant. The court subsequently denied a motion to reargue and/or vacate the court's ruling on the admissibility of the documents. This appeal followed.

I

The plaintiff claims that the court improperly concluded that the affidavit of debt and the promissory note were inadmissible as business records. It argues, in essence, that the requirements for the admissibility of the documents as business records had been met and that there was no need for a witness to testify to that effect. We disagree.

"[T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion." (Internal quotation marks omitted.) *Urich* v. *Fish*, 261 Conn. 575, 580, 804 A.2d 795 (2002). "To be admissible under the business record exception to the hearsay rule, a trial court judge must find that the record satisfies each of the three conditions set forth in . . . § 52-180.[1] The court must determine, before concluding that it is admissible, that the record was made in the regular course of business, that it was the regular course of business to make such a record, and that it was made at the time of the act described in the report, or within a reasonable time thereafter." (Internal quotation marks omitted.) *Sowinski* v. *Sowinski*, 72 Conn. App. 25, 31 n.1, 804 A.2d 872 (2002).

In the circumstances of this case, no evidence was produced to provide the necessary foundation for admission of the document as a business record. "[T]o qualify a document as a business record, the party offering the evidence must present a witness who testifies that these three requirements [of § 52-180] have been met." (Internal quotation marks omitted.) Id.; see also *River Dock & Pile, Inc.* v. *O & G Industries, Inc.*, 219 Conn. 787, 794, 595 A.2d 839 (1991) (same). The court did not err in determining that, as a result of the lack of foundational testimony, the affidavit of debt and promissory note did not satisfy the requirements of § 52-180.

The plaintiff suggests that our rules of practice allow for the production of documentary hearsay in hearings in damages following defaults. It is true that where a default has been entered for failure to appear in an action claiming liquidated damages in an action on a contract, the court may allow such hearsay evidence. Practice Book § 17-25 (b). Subsection (c) of § 17-25, however, specifically extends discretion to the court to require testimony in court. This case did not, moreover, proceed after a default for failure to appear, but rather the default had been entered for failure to comply with discovery procedures; the default was entered, then, pursuant to Practice Book § 17-31. In such situations, "[the court] *may* render judgment in any contract action where the damages are liquidated provided that the plaintiff has made a motion for judgment and submitted the affidavits and attachments specified in Section 17-25 (b) (1)." (Emphasis added.) Practice Book § 17-33 (b). The word "may" allows for the exercise of discretion; and, in any event, Practice Book § 17-33 (c) specifically prescribes the procedures to be followed if the court should decide to require the taking of testimony. Thus, the court did not err in requiring the foundation to be established by traditionally admissible evidence.

The plaintiff also claims that the court erred in denying its motion to reargue and/or vacate the order regarding the admissibility of the documents. It argues that a default judgment was entered against the defendant and thus it was required to prove only damages. We are not persuaded.

"The standard of review for a court's denial of a motion to reargue is abuse of discretion." (Internal quotation marks omitted.) *Spatta* v. *American Classic Cars, LLC*, 150 Conn. App. 20, 27, 90 A.3d 318 (2014). The court permissibly determined that the plaintiff's evidence of debt—the affidavit of debt and the promissory note—required additional foundation evidence. After so deciding, the court rendered judgment in favor of the defendant. For reasons stated in part I of this opinion, the plaintiff has not demonstrated that the court abused its discretion in denying its motion to reargue and/or vacate.

The judgment is affirmed.

[1] General Statutes § 52-180 (a) sets forth the business records exception to the hearsay rule as follows: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter." See also Conn. Code Evid. § 8-4.